*R. A. Chandler*, for the appellant.

$\frac{7}{127}$ $\frac{717}{531}$

------

## DINGMAN *v.* KELLY.

A lease which did not ascertain the premises demised, held to be void.

APPEAL from the *Miami* Circuit Court.

GOOKINS, J.—This was an action for breach of covenant brought by *Kelly* against *Dingman*, upon a written guaranty by *Dingman* under seal, that one *Jewett* should perform the covenants contained in a lease between *Kelly*, as landlord, and *Jewett*, as tenant. There was a trial by the Court, finding for the plaintiff, new trial refused and judgment.

The first question made by the appellant is, that the lease between *Kelly* and *Jewett* was void for uncertainty, because it did not describe the farm let by *Kelly* to *Jewett*. The lease is drawn in proper form, and states that in consideration of the yearly rent and covenants, &c., said *Kelly* had leased, demised and to farm let to *Jewett*, all the messuage and tract of land situate in the county of *Wabash* and state of *Indiana*, viz.: * * * together with all the buildings, improvements and appurtenances, &c. Then follow various covenants by both parties, as to the manner of enjoyment, payment of rent, &c. It is signed and sealed

*Friday,
June 20.*

by the parties, and the defendant's guaranty is appended, but there is nothing in the latter to supply the defect apparent in the lease.

We are of the opinion that the lease was wholly void for uncertainty. If such a defect can be supplied by parol proof, the statute of frauds is of no avail. The proof would more than alter or vary the terms of a deed: it would make one, which, independent of such proof, could have no operation whatever. For the erroneous admission of the lease in evidence against the defendant's objection, a new trial should have been granted.

This point is decisive of the case, and shows that the action can not be maintained. It is therefore unnecessary to examine the other errors assigned.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. A. Cole* and *H. P. Biddle*, for the appellant.

*D. M. Cox*, for the appellee.