WILBERT NOYES, APPELLANT, v. GEORGE STAUFF, RESPONDENT.

EVIDENCE.—To prove a leasing, a paper was offered in evidence which did not describe the property claimed under the alleged lease, and the court rejected such paper for uncertainty; *Held*, that there was no error.

IDEM—PAROL EVIDENCE NOT ADMISSIBLE TO EXPLAIN PATENT AMBIGUITY.— Where a paper, purporting to be a lease, does not describe the property leased, the ambiguity is patent, and parol evidence is not admissible to explain it.

VARIANCE.—The plaintiff alleged a lease in writing for two years: *Held*, that he could not be permitted to prove by parol an agreement of leasing for two years, for the purpose of establishing a lease for one year, valid under the statute of frauds.

APPEAL from Coos County.

On the 3d of November, 1874, defendant conveyed to plaintiff, by deed containing a covenant of warranty against incumbrances, lots 5 and 6, in the town of Marshfield, Coos County, Oregon.

The complaint alleges that at the time this deed was made the premises were not free of incumbrances, but that there existed at that time an unexpired lease by the defendant to James Ferry and S. S. Bailey, for the term of two years, from April 15, 1875, with a privilege to Ferry and Bailey of an additional year after the expiration of said term; and that by reason of this incumbrance plaintiff had been kept out of the possession of the premises, to his damage in the sum of two thousand five hundred dollars, for which he prays judgment with costs.

The answer denies the leasing alleged by plaintiff, or that plaintiff has been kept out of possession of the premises or has suffered damages; and for a separate answer it alleges that about the 15th of April, 1874, it was agreed between defendant and Ferry and Bailey that defendant would build a house, and that Ferry and Bailey should lease such house, when it was built, for two years, with the privilege of one year; that in pursuance of this agreement Ferry and Bailey became tenants of defendant in the premises in controversy, and were so in possession at the time of the purchase by plaintiff; that plaintiff took with full knowledge of such possession, and agreed to accept Ferry and Bailey as his tenants, and receive rent from them.

The reply denies the matter set up in the separate answer. Upon the trial the plaintiff offered in evidence the following writing:.

" We, the parties of the second part, agree with George Stauff, the party of the first part, to furnish one man to perform labor on the said house which is to be in construction as soon as possible; the labor of said man is to be confined strictly to the finishing of the dining-room and kitchen of said house as soon as the building is inclosed. We, the parties of the second part, do further agree with George Stauff, the party of the first part, to lease and to rent the said house for the term of two years, with the privilege of one year, at the rate of forty dollars per month, the said rent to be paid monthly in advance.

                         " GEORGE STAUFF,
                         " S. S. BAILEY,
                         " JAMES FERRY."

The genuineness of this paper was admitted; but on objection by defendant it was excluded by the court. The defendant recovered judgment for his costs and disbursements, from which judgment this appeal is taken.

*J. F. Watson,* for Appellant.

*W. R. Willis,* for Respondent.

By the Court, Prim, J.:

This is an action to recover damages for a breach of warranty in a deed against incumbrances upon certain lots sold to plaintiff by defendant.

The principal issue of fact raised by the pleadings is, as to the existence of a valid and unexpired lease for a term of two years, upon the lots in question. The first assignment of error contained in the notice of appeal is, "that the court erred in overruling plaintiff's demurrer." This assignment was not relied upon in the argument by counsel for plaintiff. If, however, there was error in overruling the demurrer of plaintiff, it was waived by replying and going to trial.

The principal objections to the ruling of the court, which appear to be relied upon by plaintiff, are as follows:

"2. The court erred in rejecting evidence offered by plaintiff."

"3. The court erred in sustaining the objection by defendant to the admission as evidence of the writing, purporting to be a lease, contained in the bill of exceptions."

The rejection of the paper purporting to be a lease was, we think, correct upon two grounds: First. Such paper does not contain any description whatever of the premises alleged to have been leased, by which it could be ascertained that any reference was had to the lots in question—it does not even appear that such lots are in the State of Oregon; and this paper is, therefore, void for uncertainty, and was properly rejected. (7 Ind., 717.) Second. Said document is not a lease, but a mere agreement on the part of Ferry and Bailey to lease some house "to be in construction." It contains no promise or agreement on the part of defendant to let them have the premises.

The parol evidence, offered by plaintiff to explain the paper and to identify the property intended to be embraced by said document, was all properly rejected, as it does not appear to contain a latent ambiguity; the ambiguity is patent, and parol evidence is not admissible to explain it. (1 Greenl. on Ev., § 301; 4 Mass. 205; 7 Cranch, 167.)

But it is further claimed that a parol lease for one year would be valid under the statute of frauds, and that parol evidence ought to have been admitted to prove such a lease. This we think would have been improper under the state of the pleadings. The incumbrance alleged in the complaint was a written lease for the term of two years. If plaintiff had desired to prove a different incumbrance than the one complained of, he should have obtained leave to amend his complaint.

Any evidence tending to show the rental value of the premises was proper for the purpose of showing the damages; but, as plaintiff failed to prove any incumbrance, the evidence was immaterial, and its rejection could work no injury to the plaintiff.

No substantial error appearing in the case, the judgment is affirmed.