**BINGHAM *v.* HONEYMAN.**

[51 Pac. 735.]

</div>

<div align="right">32   129<br>37   513</div>

LEASE—SUFFICIENCY OF DESCRIPTION.—A lease of real property, to be enforcible if there has not been a part performance, must with reasonable certainty describe the land demised, either by express words or by reference to something by which its location can be ascertained: *Noyes* v. *Stauff*, 5 Or. 456; *House* v. *Jackson*, 24 Or. 89, cited.

IDEM.—A description of land in a lease as a strip of land commencing at the north line of a specified person's claim, running thence in a specified direction to the south line of another specified claim, thence a specified distance from "low tide, the full length of the said claim back from said low-water mark," without specifying any township, range, county, or state, is insufficient to render the lessee liable for rent where there has been no entry by him.

ESTOPPEL BY VERDICT.—A question in issue cannot be considered settled by the verdict where the jury were instructed that such issue was immaterial.

EVIDENCE—DESCRIPTION IN LEASE.—While admissions in the pleadings as to the location of leased premises make the written lease com-

petent evidence in an action for rent reserved, its sufficiency as to description must be determined by its provisions, and not by oral proof or admissions.

LANDLORD AND TENANT— LEASE.— An action for rent reserved cannot be maintained where the lease does not describe the premises with reasonable certainty.

From Multnomah: HENRY E. McGINN, Judge.

Action by E. W. Bingham, administrator of the estate of J. W. Guild, deceased, against Honeyman and McBride. From a judgment in favor of plaintiff, defendants appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. John H. Handy.*

For respondent there was a brief over the names of *Edward W. Bingham* and *Clarence Avery,* with an oral argument by *Mr. Bingham.*

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from a judgment rendered in favor of J. W. Guild, now deceased, for rent alleged to be due on a written lease executed by him February 14, 1894, whereby, in consideration of an annual rental of $100, payable half-yearly, and other covenants, he leased and demised to the defendants, according to the description contained therein, "the following described strip of land: Commencing at the north line of J. W. Holman's claim, running thence north up to the south line of Knox and Abram's claim, thence fifty yards

from low tide, the full length of said claim, back from said low-water mark; said strip of land to be used exclusively for fishing purposes,"—for the term of three years from the first day of the following March. After the execution of the lease, the defendants refused to enter into possession thereunder, for the reason, as they claim, that its execution was induced by the fraudulent representations of Guild, and on the fifteenth of May, 1894, notified him in writing that they refused to recognize the lease, and demanded a return of the rent paid thereon at the time of its execution. As the subsequent installments of rent became due, however, Guild commenced actions against the defendants to recover the same; and two of such actions, being pending and undetermined in the circuit court at the same time, were tried together; and from the judgment rendered therein this appeal was taken. Numerous defenses were made to the actions, and many questions raised on the trial and discussed on the argument here; but, in the view the court has felt obliged to take of the contention of the defendants that the lease is void for uncertainty, the other questions are entirely unimportant and immaterial.

To give effect to a lease of real property it must describe the subject matter of the demise with reasonable certainty, either by express words or by reference to something by which its location can be ascertained, and the want of such a description will render the lease inoperative: 1 Taylor's Landlord and Tenant, § 160; Wood's Landlord and Ten-

ant, § 21; *Noyes* v. *Stauff*, 5 Or. 455; *House* v. *Jackson*, 24 Or. 89 (32 Pac. 1027); *Dingman* v. *Kelly*, 7 Ind. 717. Accordingly, no action for rent reserved can be maintained on such a lease where, as in this case, there has been no entry by the lessee. The lease upon which the action is based wholly fails to conform to the rule. It is impossible to identify the premises intended to be demised from the description given in the lease. The only description is a strip of land "commencing at the north line of J. W. Holman's claim, running thence north up to the south line of Knox & Abram's claim, thence fifty yards from low tide, the full length of said claim, back from said low-water mark," which is so unintelligible as to render it doubtful whether the particular land intended to be leased could be ascertained therefrom even if there was no other defect in the description. But, in addition to this, neither the township, range, county, nor state is given, nor is anything else stated or referred to in the instrument by which the premises described can be located. The only points named in the description are "Holman's claim," "Knox & Abram's claim," and "low-water mark," or "low tide"; and the locality of neither of these points is stated, nor can it be ascertained from anything appearing in the instrument. If these claims, or either of them, had been described as being in a designated county or locality, or in any other way, so that they could be located by the aid of extrinsic evidence, it would perhaps be sufficiently definite in that regard, but nothing of the kind

was done. Nor is there anything in the lease by which the points of low water or low tide referred to can be ascertained. Indeed, no stream or body of water whatever is mentioned or designated therein. The test for determining the sufficiency of a deed or other writing in relation to real property, as laid down by Mr. Justice MOORE in *House* v. *Jackson*, 24 Or. 89 (32 Pac. 1027), is whether the property can be identified with reasonable certainty by a competent surveyor from the description given; and under this test it needs no argument to show that the description in question is wholly insufficient. Nor is the defect a mere latent ambiguity, which can be explained by parol; but it is patent upon the face of the instrument, and cannot be removed by the application of extrinsic evidence without adding to or varying the writing, which, of course, is not permissible: *Holcomb* v. *Mooney*, 13 Or. 503 (11 Pac. 274). The judgment of the court below must therefore be reversed, and the cause remanded for such further proceedings as may be proper not inconsistent with this opinion.

REVERSED.

### ON PETITION FOR REHEARING.
[52 Pac. 755.]

MR. JUSTICE BEAN delivered the opinion.

In his petition for rehearing the plaintiff claims that in the opinion filed the court erred (1) in assuming that there has been no entry under the lease in question by the lessees; and (2) in disre-

garding the admissions in the pleadings that the land intended to be leased was in a certain section and township on Sauvie's Island, in the Columbia River, below Portland.

Upon the first point the contention is that the question whether the defendants entered under the lease was made an issue by the pleadings, and that the verdict, being in favor of the plaintiff, conclusively settles such issue in his favor. The action is for rent reserved under the lease, and there is no averment in the complaint of an entry by the defendants. The answer, however, alleges that no such entry was made, and this is denied by the reply. But the court charged the jury, in response to a question by one of the jurors, to the effect that such issue was immaterial, and therefore it cannot be said that the verdict settles it in favor of the plaintiff.

It was assumed by counsel at the argument here, and in their briefs, that there had been no entry under the lease; and no claim was ever made in the case, so far as the record discloses, until the petition for rehearing was filed, that the defective description was cured by the entry of the lessees. Objection was made to the admission in evidence of the lease, when offered by the plaintiff at the opening of his case, "because it was uncertain and ambiguous, and does not describe any property"; and this, being overruled, presented the question for determination here. The allegations of the pleadings as to the location of the property intended to be leased do render the written lease itself com-

petent evidence in the case; but its sufficiency must be determined by the terms and provisions thereof, and not by oral proof, or admissions that the property intended to be leased and described in the writing was actually situated in some definite and certain locality.

Unless a lease describes the subject matter of the demise with reasonable certainty, it is inoperative, and no action for rent reserved can be maintained thereon. This is not an action for use and occupation, and therefore the question does not arise as to whether a lease of the character in question would be admissible in evidence in such an action. The petition for rehearing is denied.

REHEARING DENIED.

Decided at PENDLETON, July 31, 1897.