Argued March 22, decided April 19; rehearing denied May 17, 1910.

## BURNS v. WITTER.

[108 Pac. 129.]

VENDOR AND PURCHASER—CONTRACTS—DESCRIPTION OF PROPERTY.

1. A failure to specify in the memorandum of the original contract the place where it was executed ought not, and the omission from the writing of the township, range, county, and state, will not render nugatory the contract, if the description given can without alteration be applied to a particular tract, so that the court can say from extrinsic evidence that the minds of the parties met and agreed on the identity of the distinct piece of land intended to be the subject-matter of their negotiations.

VENDOR AND PURCHASER — CONTRACTS — DESCRIPTION OF PROPERTY — SUFFICIENCY.

2. If on its face a memorandum for the sale of realty contained such a specification of real property, that, by the aid of parol testimony, the description given can apply to only one particular tract of land, it is sufficient, but if it appears from extrinsic evidence that the description can refer to more than one parcel, the ambiguity is patent and the instrument is void for uncertainty.

EVIDENCE—PAROL EVIDENCE—LAND CONTRACTS.

3. In construing a land contract, the terms of which are uncertain, it is the duty of a court to take into consideration all the incidents surrounding the consummation of the agreement, for which purpose parol testimony is admissible, not to vary the stipulations there expressed, but to assume the positions occupied by the respective parties, when it appears that they were of one mind concerning a writing, which purports to have expressed what was their serious contemplation.

VENDOR AND PURCHASER—LAND CONTRACTS—ESTATE TO BE CONVEYED.

4. A contract to sell realty imports, in the absence of any stipulation respecting the matter, an agreement to convey a title to the premises in fee simple.

VENDOR AND PURCHASER—CONTRACTS—CONSTRUCTION—PARTIES.

5. A contract which recites that it has been entered into with a designated person for the sale of land, creates an inference that he is the purchaser thereof.

SPECIFIC PERFORMANCE—LAND CONTRACTS—DESCRIPTION OF PROPERTY—PLEADING.

6. A complaint for specific performance which sets out a memorandum of a land contract, reciting that the seller bargained and sold his farm containing 40 acres, no section, township, range, county, or state being specified, nor any town, village, or city designated as being the place where the contract was consummated, and which alleged the correct description bargained for, is not demurrable because of uncertainty of description, since it may be shown by extrinsic evidence that there was only one tract of land to which the description given could apply, in which case the memorandum would be good.

From Multnomah:  JOHN B. CLELAND, *Judge.*

Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by James Burns against C. G. Witter and Florence J. Witter, his wife, to enforce the specific performance of the following contract:

"This agreement, made between Charles Witter and James Burns, July 19th, 1906, certifies that I have this day bargained to sell my farm containing 40 acres in consideration of $3,000, $100 of which is paid to bind said bargain, the remaining $2,900 to be paid Dec. 1st, at which time I give full possession.

"C. G. WITTER.

"MRS. C. G. WITTER."

It is alleged in the complaint that at all the times stated therein the defendants were husband and wife and in possession of the S. ½ of the S. ½ of the S. W. ¼ of section 5, in township 1 S., of range 4 E. of the Willamette Meridian in Multnomah County, Oregon, containing 40 acres, designated as their farm, but owned by the husband, and the only piece of real property that he, she, or they owned, claimed, or occupied; that on July 19, 1906, the parties hereto entered into the agreement mentioned, stipulating that the remainder of the consideration for the land should be paid December 1, 1906, at which time the plaintiff tendered to the defendants $2,900 and demanded of them possession of the premises, but they refused to comply therewith, and now decline to carry out their part of the agreement; and that before the commencement of this suit the sum of money specified was deposited with the clerk of the lower court for them.

A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of suit, was sustained, and the suit dismissed, from which decree the plaintiff appeals.                                    REVERSED.

For appellant there was a brief with oral arguments by *Mr. Virgil A. Crum* and *Mr. George S. Shepherd*.

For respondents there was a brief and an oral argument by *Mr. John C. Shillock*.

Opinion by Mr. Chief Justice Moore.

1. Though the demurrer challenges the entire complaint, the principal part assailed is the contract, a copy of which is set forth therein. An examination of the agreement will show that in attempting to describe the premises, no section, township, range, county, or state, is specified, nor is any town, village, or city designated as being the place where the contract was consummated.

In *Bogard* v. *Barham,* 52 Or. 121, 125 (96 Pac 673, 674) the locality where the memorandum purported to have been executed was held to be the vicinity in which the land intended to be conveyed was situate. In deciding that case, Mr. Justice Eakin says:

"The contract is dated at Woodburn, Oregon, and in the light of that fact, and that all the other property is referred to as at Woodburn, the designation of 'his 5-acre residence property lying west of the Catholic Church,' and 'party of the second part is to occupy his residence property until September 30,' clearly indicates that it is the property in which he was residing in that vicinity, and by extrinsic evidence its location and boundaries may be easily ascertained. At any rate, on the face of the agreement, it is sufficiently definite for identification."

In *Mead* v. *Parker,* 115 Mass. 413, 414 (20 Am. Rep. 110), the court, referring to a similar memorandum, says:

"In the present case the writing bears date at Boston; which might indicate that the property was in Boston. But that is an inference of fact, not conclusive."

To the same effect is the case of *Pelletreau* v. *Brennan,* 113 App. Div. 806 (99 N. Y. Supp. 955, 956), where it is said:

"As the parties were dealing in the city of New York, the legal inference is that the contract refers to land there."

A failure to specify in the memorandum the place where it was executed ought not, and the omission from the

writing of the township, range, county, and state will not, render nugatory an instrument relating to real property if the description given can, without alteration, be applied to a particular tract, so that the court can say, from extrinsic evidence, that the minds of the parties met and agreed upon the identity of the distinct piece of land intended to be the subject-matter of their negotiations: 13 Cyc. 549; *McCullough* v. *Olds,* 108 Cal. 529, 532 (41 Pac. 420) ; *Lloyd* v. *Bunce,* 41 Iowa 660; *Garden City Sand Co.* v. *Miller,* 157 Ill. 225, 233 (41 N. E. 753).

2. If, on its face, the memorandum contain such a specification of real property that by the aid of parol testimony the description given can apply to only one particular tract of land, it is sufficient; but if it appear, from extrinsic evidence, that the delineation set forth can refer to more than one parcel, the ambiguity is patent and the instrument void for uncertainty: *Brandon* v. *Leddy,* 67 Cal. 43 (7 Pac. 33).

3. In construing a land contract, the terms of which are uncertain, it is the duty of a court to take into consideration all the incidents surrounding the consummation of the agreement, for which purpose parol testimony is admissible, not to vary the stipulations there expressed, but, as it were, to assume the positions occupied by the respective parties when it appears that they were of one mind concerning a writing which purports to have expressed what was their serious contemplation. *Devlin, Deeds,* § 1012; *Pomeroy, Contracts,* § 90. As illustrating this rule, Mr. Justice WELLS, in *Mead* v. *Parker,* 115 Mass. 413, 415 (20 Am. Rep. 110), says: "When all the circumstances of possession, ownership, situation of the parties, and of their relation to each other and to the property, as they were when the negotiations took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be

bound by it as a sufficient written contract or memorandum of their agreement. That parol evidence is competent to furnish these means of interpreting and applying written agreements is settled by the uniform current of authorities."

4. It will be remembered that the complaint sets forth the situation of the defendants with reference to "my farm containing 40 acres" at the time the memorandum was executed, and alleges the incidents relating to the premises particularly described in the pleading, so that it is reasonably to be inferred that the specification given in the contract could not apply to any other piece of real property. These averments are sufficient to admit extrinsic evidence to substantiate the facts thus detailed. A contract to sell real property imports, in the absence of any stipulation respecting the matter, an agreement to convey a title to the premises in fee simple: *Hughes* v. *Parker,* 8 Mees. & W. 244, 247.

5. A contract which recites that it has been entered into with a designated person for the sale of land, creates an inference that he is the purchaser thereof.

6. The allegations of the complaint are sufficient to present for consideration the remaining question as to whether or not the memorandum subscribed by the defendants contains such a description of the land that a court can say from parol testimony to be introduced so as to apply the specification to a part of the earth's surface, that the parties were negotiating for the respective purchase, and the sale and conveyance of a particular tract which can be identified. "A 'farm,' " says a textwriter, "may be defined by parol evidence showing what lands, house, and buildings have been used and known as constituting the farm." Jones, Real Property, § 345. This author, in the following section, observes: "Land described as 'my residence,' 'my homestead,' 'my place,' 'my lot,' may be identified by parol evidence if necessary." Thus in *Lick* v. *O'Donnell,* 3 Cal. 59 (58 Am.

Dec. 383), it was held that a deed for "one-half of my lot," accompanied by proof that the grantor owned at the time but one lot in the place, was not void for uncertainty in the description.

In *Lente* v. *Clarke, Adm'x*, 22 Fla. 515, 519, 520 (1 South. 149, 151), the following memorandum was held to be sufficient, to wit:

"Dec. 18, 1883. I agree to make good titles in fee to my forty near the Garrison lands in Hernando County, to Wm. K. Lente. Consideration, $75. Received. Thomas W. Clarke. Witness, M. P. O'Neal"—the court saying: "The rule is that the contract or memorandum must identify or point out a special tract of land as within the minds of the parties, and intended to be conveyed. It must so describe the land as it can be found, or located, or in other words, there must be such a description as can be applied to a particular piece of land as the subject of the contract. A detailed description is not necessary. Where the description shows that a particular tract as distinguished from other lands is meant, then parol evidence can be resorted to to apply the description, or identify, or locate the land, though the description be somewhat general. However precise the description, a resort to parol evidence for such purpose is always necessary to apply it, or ascertain the land described. This is not adding anything to the terms of the agreement or memorandum, and consequently not a violation of the statute."

In *Colerick* v. *Hooper*, 3 Ind. 316 (56 Am. Dec. 505), the memorandum was as follows:

"I have this day sold my lot to Alexis Coquillard on the plat in the town of South Bend, on the plat of said town on the river bank. I have received value and will make the deed as soon as convenient. August 11, 1835. D. H. Colerick. Attest: H. R. Colerick."

In a suit to enforce the specific performance of the agreement the court held that the relief prayed for should be granted, saying:

"The bill, in this case, avers that Colerick had, at the date of said agreement, one lot, and but one, in said town,

and that it was lot No. 94, for which a conveyance was sought in this suit.   We think the bill sustainable."

The principle thus announced was followed in the case of *Torr* v. *Torr,* 20 Ind. 118, where the description was: "All my interest in a certain tract of land"—setting forth the section, township, county, and state, but omitting the range.   In *Andrews* v. *Pearson,* 68 Me. 19, 20, the court says:

"Freeman Allen was the owner of a farm of ancient and well-defined boundaries.   He undertook to convey it to the plaintiff.   He first described it as his 'homestead farm.'   He then undertook to give a further description of it by naming the several parcels or lots of which it was composed.   One of them is described as 'twelve and a half acres out of a lot numbered eight in the first range.'   This portion of the farm in fact contained twenty-five acres."

And it was held that the larger tract was granted by deed.

In *Locke* v. *Rowell,* 47 N. H. 46, 51, a memorandum signed by Sarah A. Locke stating, "that I have rented my farm," it was held that the clause quoted was sufficiently definite to allow the admission of extrinsic evidence to apply the description to the place, the court saying:

"As to the question that verbal testimony was admitted by the court to show what farm she rented—the term 'farm,' or 'homestead farm,' is ambiguous.   What is meant by such expresssions may be shown by parol evidence."

In *Waring* v. *Ayres,* 40 N. Y. 357, 361, Mr. Justice WOODRUFF, referring to a memorandum, says:   "The description is, 'two lots owned by me in 116th street, New York, between 8th and 9th avenues, said lots being twenty-five feet front by about seventy-five feet deep.'   Now, if no other lots will answer that description, there is no want of certainty in respect to the subject, *i. e.,* the property to be conveyed."   It was held in that case

that parol evidence was admissible to identify the lots so owned at the place specified.

In *Barry* v. *Coombe*, 1 Pet. 640, 651 (7 L. Ed. 295), the court, referring to the description in a writing, says:

"The words are, 'by my purchase of your ½ E. B. wharf and premises, this day, as agreed on between us, $7,578.63.' Brief as it is, this memorandum contains a condensed summary of all the essentials to a complete contract."

It was accordingly held that extrinsic evidence was properly received to explain the terms employed and to apply the description to the premises.

In *Crotty* v. *Effler*, 60 W. Va. 258 (54 S. E. 345), the memorandum which formed the basis of a suit for specific performance was as follows:

"Received of Julia Crotty One Hundred Dollars $100 in cash as first payment one a pice of Land that I have sole to her this day for one hundred dollars per acre. It being a pice of land sole to John Effler by the Welch improvement 5 acres more or less and that joins the Crotty land and the balance of the (bal. of the money $100 per acre is to be paid when it is surveyed & deed maid to the said Crotty Feb. 5, 1903. Barbara Effler."

In construing this description it was held not void for uncertainty. Mr. Justice Cox saying: "Although the state, county, and district may be omitted from the description, it is essential that the land agreed to be sold be so described as to be capable of being distinguished from other land. It is not necessary that the contract should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what was agreed to be sold."

The memorandum in the case at bar is, in our opinion, susceptible of explanation, in order to apply the description therein contained to the land particularly described in the complaint, and this being so an error was committed in dismissing the suit. The decree will therefore

be reversed, the demurrer overruled, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.   REVERSED.