Argued February 26, decided March 11, 1913.

**HUGHES v. EVANS.**

(130 Pac. 639.)

**Brokers—Agreements—Statute of Frauds—Identity of Property.**
    An agreement of a broker to sell land on commission, which does not identify the particular property intended to be sold, does not satisfy the statute of frauds (Section 808, subd. 8, L. O. L.), requiring contracts, authorizing brokers to sell lands, to be in writing.

From Polk: HENRY L. BENSON, Judge.

This is an action by Chasteen Hughes, John Bird and W. H. Parker, partners doing business under the firm

name of The Hughes & Bird Land Company, against Evan Evans. From a judgment in favor of defendant, plaintiffs appeal.                    AFFIRMED.

For appellants there was a brief over the names of *Mr. William P. Lord, Mr. Lott D. Brown,* and *Mr. James E. Godfrey,* with an oral argument by *Mr. Godfrey.*

For respondent there was a brief and an oral argument by *Mr. Oscar Hayter.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action to collect a commission for the sale of real estate. The agreement for the payment of commission comes within the statute of frauds (subdivision 8 of Section 808, L. O. L.), which subdivision, together with a part of the first paragraph of said section, is in the following language:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged; * * evidence, therefore, of the agreement shall not be received other than the writing; * * (8) An agreement entered into subsequent to the taking effect of this act, authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

The said agreement was in the following words:

"Hughes & Bird. Date, March 11, 1910. 358 acres. * * Acres cleared, 275. House 2 stories, 7 rooms. * * Barn 2. Orchard 1-2 acres. * * Fences in good condition. Watered by springs. * * All acres hilly. * * 275 acres timber. * * Price, $18,000. Terms, $8,000. Remarks, terms to suit, 6 per cent. I hereby give Hughes & Bird, Dallas, Oregon, the exclusive sale of, or right to purchase the above described property in consideration of $1.00 in hand, at the price and on the terms above mentioned, for a period of 15 days from date hereof and thereafter, until withdrawn by me in writing; and agree to pay them a commission of five (5) per cent in case of sale or purchase. Owner, Evan Evans. P. O. Address, Rickreall, R. F. D. 1. County, Polk."

This agreement contains an option to purchase as well as a contract for commissions. The only allegation in the complaint, as to the identity of the property contemplated by the contract, is that it related to certain land belonging to defendant in Polk County, and that defendant did sell "the land."

The answer denies the allegations of the complaint. Defendant contends that no particular real property is mentioned in the agreement, and that it is void under the statute of frauds. Upon the trial, the court directed the verdict for the defendant for that reason; and, from a judgment dismissing the action, plaintiff appealed.

In the face of defendant's denial, plaintiff could not prove that the defendant sold the property mentioned in the agreement to a purchaser produced by plaintiff without proving, by parol, what property was intended to be included in the contract, to permit which would be adding to the terms of the contract, which is forbidden by the provision of the statute reading: "Evidence, therefore, of the agreement shall not be received other than the writing." If the property were identified by the agreement, and the description were not sufficient to locate it, extrinsic evidence might be resorted to for that purpose, but not in order to determine what property is meant. This agreement does not identify the property, and its identity, as well as location, must be established by extraneous testimony. Therefore, plaintiff could not prove he had produced a purchaser for any particular property. See *Bogard* v. *Barhan,* 52 Or. 121 (96 Pac. 673: 132 Am. St. Rep 676). Plaintiff bases his right of recovery exclusively upon the authority of *Henderson* v. *Lemke,* 60 Or. 363 (119 Pac. 482), but it is held in that case that it is immaterial what the description of the property is, if it can be identified, thus recognizing that the identity of the property is necessary. In that case it was identified. Plaintiff was to find a cus-

tomer for "my property," and the property was described in the complaint. If defendant had owned two or more pieces of property, no doubt the contract would have been held void, as the property intended could not then have been identified without extrinsic evidence; but this case does not come within the principle as above announced.

The contract is void, and the judgment of the circuit court is affirmed.                              AFFIRMED.