Argued June 14; affirmed July 17; rehearing denied
September 25, 1934

# FRIZEEN *v.* SWANTON

(34 P. (2d) 939)

*Joseph A. McKeown,* of Marshfield (L. A. Liljeqvist and Bennett Swanton, both of Marshfield, on the brief), for appellant.

*M. W. Skipworth,* of Marshfield (Goss, Murphy & Skipworth, of Marshfield, on the brief), for respondent.

RAND, C. J. The plaintiff, as administrator of the estate of A. D. Hall, deceased, commenced these proceedings as an action at law to recover the balance of the purchase money on a contract for the purchase and sale of land. The defendant, H. W. Miller, who has since died, answered, setting up an alleged failure of title in the plaintiff as an equitable defense and as grounds for rescission and the return of the moneys paid under the contract. After being put at issue, the cause was tried on the equity side of the court and a decree was entered determining all issues in the case and holding that there was no failure of title and awarding judgment to plaintiff for the unpaid purchase money. The defendant has appealed.

The defendant was the only witness whose testimony was taken in the case. All other facts were either stipulated or appear from an abstract of title which is admitted to be true. After the death of said defendant, his administrator was substituted as defendant in his stead.

It appears from the record before us that on November 2, 1929, plaintiff's intestate, as vendor, and defendant's intestate, as vendee, entered into a written contract whereby the former contracted to sell and the latter to buy lots 18, 19 and 20 of block 13, Railroad Addition to the city of Marshfield, for the agreed price of $4,000, a part of which was payable in cash, the

remainder in monthly installments. The contract provided that, upon the payment of the stipulated sums at the times stated in the contract, Hall should execute and deliver to Miller "a good and sufficient deed of conveyance conveying said premises in fee simple free and clear of incumbrances, excepting" certain taxes thereafter accruing and any liens or incumbrances placed thereon by Miller, and that time of payment was of the essence of the contract. The contract did not provide for the delivery of an abstract but one was furnished and is in evidence here.

It appears from the abstract that the property contracted to be sold was part of a 569.21 acre tract of land situate in Twp. 25 S. of R. 13 W., in Coos county, Oregon, and that said tract was patented by the United States of America to Aaron Rose, A. A. Fink, S. F. Chadwick and William Cruze on May 10, 1866; that on May 13, 1865, which was before the date of the patent but presumably after the issuance of final receipt, said patentees gave a general power of attorney to one J. L. Garrett, authorizing him to sell said lands, and, on the same day, conveyed to him an undivided one-fifth interest therein. Said power of attorney was revoked on June 15, 1865, and Garrett reconveyed his interest in the property to his grantors on January 10, 1866. The two instruments last referred to contained a correct description of the lands other than they designated them in Twp. 35 S. of R. 13 W., instead of Twp. 25 S. of R. 13 W.

■ The abstract also shows that on February 23, 1875, one Donald McKay, to whom had been conveyed an undivided one-third interest in a part of said patented land, together with his wife, reconveyed the same to Antone A. Fink, one of said patentees, designating

the land so conveyed as in Twp. 35, but otherwise correctly describing it.

These are the only errors relied upon by defendant to establish his claim that Hall did not have a marketable title to the lands at the time he entered into the contract.

In all said instruments the property is described as being situate in Coos county, Oregon, and, except in respect to the township, they correctly describe the lands conveyed. There is no allegation or proof that at any time, by reason of these misdescriptions in the township, any person other than the true owners of the property has ever asserted or claimed any right, title or interest in the property or any part thereof.

■ It further appears from the records of the Land Department of the United States, of which this court takes judicial knowledge, under the doctrine announced in *Shaw v. Oswego Iron Co.*, 10 Or. 371, 373 (45 Am. Rep. 146), that Twp. 25 S. of R. 13 W. is situate in Coos county, while Twp. 35 S. of R. 13 W. is situate in Curry county, and that all the lands described in the patent and in the various deeds to which we have referred, since they are fractional lots only, are applicable only to Twp. 25 S. of R. 13 W. and cannot refer to the description of any lands which are to be found or which are embraced within the boundaries of Curry county. The description of lands contained in the patent as shown by the abstract is made up entirely of certain numered lots of certain designated sections and these descriptions are accurately followed in each of the deeds to which we have referred. From this it can readily be seen that the deeds must refer in whole or in part to these patented lands and can have no reference to any other lands.

Notwithstanding this, it is defendant's contention that, because of these mere clerical errors in the desig-

nation of the township in which the lands lie, the last of which was made some 59 years ago, these instruments are so ambiguous as to render them inoperative and void, while plaintiff contends they are nothing more than mere clerical errors which do not in any way affect their operation or validity as deeds of conveyance.

■ To render a deed void for uncertainty in the description, the ambiguity must be patent and must appear on the face of the instrument. ''There must be such an uncertainty appearing on the face of the deed that the court, reading the language in the light of all the facts and circumstances referred to in the instrument, is unable to derive therefrom the intention of the parties as to what land was to be conveyed. This type of ambiguity cannot be removed by parol evidence since that would necessitate inserting new language in the instrument which, under the parol evidence rule, is not permitted'': 68 A. L. R., p. 4 note. As said in 1 Greenleaf on Evidence (16th Ed.), section 300:

''* * * if the court, placing itself in the situation in which the testator or contracting party stood at the time of executing the instrument, and with full understanding of the force and import of the words, cannot ascertain his meaning and intention from the language of the instrument thus illustrated, it is a case of incurable and hopeless uncertainty, and the instrument, therefore, is so far inoperative and void.''

■■ There was, however, in none of the instruments referred to any ambiguity whatsoever. In all these instruments, both the persons and the things were sufficiently described and the intention of the maker of the instrument was clearly expressed. As Greenleaf points out in section 299, there is a well-recognized

distinction between the ambiguity of language and its inaccuracy.

" 'Language', Vice-Chancellor Wigram remarks, 'may be inaccurate without being ambiguous, and it may be ambiguous although perfectly accurate. * * * It is obvious, therefore, that the whole of that class of cases in which an accurate description is found to be sufficient merely by the rejection of words of surplusage are cases in which no ambiguity really exists. The meaning is certain, notwithstanding the inaccuracy of the testator's language.' "

Of the class of cases in which he says no ambiguity exists, he mentions in section 301:

"those in which, upon applying the instrument to its subject-matter, it appears that in relation to the subject, whether person or thing, the description in it is true in part, but not true in every particular. The rule, in such cases, is derived from the maxim, 'Falsa demonstratio non nocet, cum de corpore constat.' Here so much of the description as is false is rejected; and the instrument will take effect, if a sufficient description remains to ascertain its application. It is essential, that enough remains to show plainly the intent."

To the same effect see 18 C. J., p. 186, section 70, where it is said:

"A clerical error in the description of the land will not vitiate the deed where the intent of the parties can be ascertained with certainty from the instrument when considered in connection with the situation of the parties and of the subject matter."

We hold, therefore, that none of these instruments were either ambiguous or void, and that plaintiff had a marketable title in the lots which he contracted to sell. From this it follows that the decree of the lower court must be affirmed.

CAMPBELL, BAILEY and ROSSMAN, JJ., concur.