Submitted on briefs March 13; affirmed April 30, 1946

## TRUMBLY et al. v. FIXLEY

(168 P. (2d) 571)

*V. A. C. Ahlf,* of Grants Pass, for appellants.

*A. C. Hough,* of Grants Pass, for respondent.

HAY, J.

Action by real estate brokers to recover a commission of $375 on a sale of real property. The trial court sustained a general demurrer to the complaint and dismissed the case. Plaintiffs appealed.

■ An agreement employing a broker to sell real property is within the statute of frauds (Section 2-909,

O. C. L. A.) and is void unless some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged. The memorandum must contain a description of the real property sufficient for identification. Id. paragraph (8). The following is the memorandum relied upon herein:

No. Acres 237     Irr. Acres 40     No.
  Trumbly & Riddle—Real Estate
  So. Pac. Hwy., Grants Pass, Or.
listing of W. C. Fixley     Date June 24—43
  To Trumbly & Riddle: I own the following property situated in Williams District ——————

  *  *  *

  Postoffice Williams  *  *  *
  Rooms large  *  *  *
  Barn  Yes     Condition  Fair     Garage  X

  *  *  *

  Woodshed X  *  *  *
  I hereby authorize you as my Agent to sell the following described property for the price of $7500, upon the following terms:
  Cash  $½  Balance 5     Years ——————
  Payments ——————  Interest 6%

  *  *  *

  It is further agreed that you shall have and may retain 5 per cent commission for making the sale on the terms stated or any other terms which I may accept.  *  *  *
                      W. C. Fixley, Williams, Or.

After pleading the memorandum in *haec verba,* the complaint recites that, "pursuant to said contract", plaintiffs procured a person who, at the price and upon the terms mentioned in the memorandum, purchased "said premises hereinafter described as follows, to wit:" Then follows a description by legal

subdivisions, of 316.96 acres of land in Josephine County, Oregon, or approximately 80 acres more than the memorandum covers. The pleader made no attempt to reconcile the discrepancy.

■ It has been said that the test for determining the sufficiency of a description of real property in a deed or other instrument of writing is: Can a surveyor, with the writing before him, locate the land and establish its boundaries? *Willamette Co. v. Gordon,* 6 Or. 175; *House v. Jackson,* 24 Or. 89, 32 P. 1027; *Bogard v. Barham,* 52 Or. 121, 96 P. 673, 132 Am. St. Rep. 676; *Flegel v. Dowling,* 54 Or. 40, 102 P. 178, 135 Am. St. Rep. 812, 19 Ann. Cas. 1159; *Burns v. Witter,* 56 Or. 368, 108 P. 129. If the property has acquired a distinctive name by which it is known, such name furnishes a means of readily identifying it, and is in itself a sufficient description, not only for the purposes of a broker's memorandum, but even in a deed of conveyance. So in *Bogard v. Barham,* supra, the following: "The brick store building occupied by Beebe & Whitman, located in Woodburn, Marion County, Oregon," and "his (defendant's) 5-acre residence property lying west of the Catholic Church", were held to be sufficient description under the statute of frauds to admit of extrinsic evidence of the location and boundaries of the properties. The contract was dated at Woodburn, Oregon, which fact, the court held, raised a presumption that the properties lay in the vicinity. In *Burns v. Witter,* supra, (56 Or. 368, 108 P. 129) a description reading simply "my farm containing 40 acres" was held to be sufficient, the evidence showing that the defendant owned but one farm, with well defined boundaries, and the complaint having specifically described such farm, and having alleged that it was the only piece of real property owned, claimed or occupied by the defendant.

In *Henderson v. Lemke,* 60 Or. 363, 119 P. 482, a description of land as "my property", in a broker's memorandum, was held to be sufficient. However, in the subsequent case of *Hughes v. Evans,* 64 Or. 368, 130 P. 639, construing a memorandum quite similar to that under consideration in the instant case, the court held that it failed to identify the property. Commenting upon *Henderson v. Lemke,* supra, the court said, in effect, that if Lemke had owned more than one piece of property, no doubt the contract would have been held void, as, without extrinsic evidence, the land described as "my property" could not have been identified.

■ According to the complaint herein, the defendant owned 316.96 acres of land in the Williams district or neighborhood. The memorandum covers only 237 acres, and it would require extrinsic evidence to establish what 237 acres out of the 316.96 were the subjects of the transaction. Under those circumstances, the memorandum was insufficient under the statute of frauds to identify the property, and the agreement to pay a commission to the brokers was void.

The lower court was right in sustaining the demurrer. The judgment is affirmed, with costs.