Argued January 22; Affirmed March 16, 1948

# HERTEL *v.* WOODARD

191 P. (2d) 400

*George A. Rhoten,* of Salem, argued the cause for appellant. On the brief were Rhoten & Rhoten, of Salem.

*Roy Harland,* of Salem, argued the cause and filed a brief for respondent.

Before ROSSMAN, Chief Justice, and LUSK, KELLY, BRAND and HAY, Justices.

ROSSMAN, C. J.

This is an appeal by the plaintiff from a decree of the circuit court which was entered after the court had sustained a demurrer to the amended complaint and the plaintiff had elected to rely upon that pleading. The demurrer was based upon a contention that the complaint did not aver a cause of suit. The appel-

lant's brief states: "The entire controversy between the parties can be determined on demurrer."

According to the complaint, the respondent signed and delivered to the appellant a writing reading as follows:
"May 10, 1947.

"Received from Lucky Hertel $80.00 Eighty Dollars earnest money on lot & house number 960 Union Street. Price $5,000.00 Five Thousand and—balance of $4,920.00 to be paid when papers and title insurance are completed. It is understood this deal would be closed and house vacated on or before June the 10th. All furniture except personal belongings included in this transaction."

It will be observed that the paper does not mention the city, county or state in which the property is located. The absence of that information constitutes the basis of the demurrer. The complaint alleges that the property which was the subject matter of the transaction was a part of Lots 1 and 2, Block 88, of the City of Salem, and that it was "the only real premises whatsoever owned by the defendant." Further, according to that pleading, the writing was signed while the parties were in the house covered by the agreement.

Section 2-909, O. C. L. A., says:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged * * *; evidence, therefore, of the agreement shall not be received other than the writing, * * * :
* * *

"(6) An agreement * * * for the sale of real property, * * *."

■ As is pointed out in *Commercial Credit Corp. v. Marden,* 155 Or. 29, 62 P. (2d) 573, and *Masters v.*

*Bidler*, 101 Or. 322, 198 P. 912, 199 P. 920, our statute of frauds doubly condemns agreements which do not comply with its exactions. It terms them void and says that evidence "of the agreement shall not be received" except the writing itself. Apparently the stricture, doubly affixed, was intended to set at rest in this state the issue as to whether or not the statute of frauds dealt with substantive rights or mere procedure.

In *Noyes v. Stauff*, 5 Or. 455, it is said:

"The parol evidence, offered by the plaintiff to explain the paper and to identify the property intended to be embraced by said document, was all properly rejected, as it does not appear to contain a latent ambiguity; the ambiguity is patent, and parol evidence is not admissible to explain it."

A patent ambiguity in a description of property found in a writing subject to the statute of frauds renders the instrument void: *Bingham v. Honeyman*, 32 Or. 129, 51 P. 735. A latent ambiguity is subject to clarification by parol evidence: *Kanne v. Otty*, 25 Or. 531, 36 P. 537; *Hicklin v. McClear*, 19 Or. 508, 24 P. 992; *Holcomb v. Mooney*, 13 Or. 503, 11 P. 274. For the purposes of this case we are not required to distinguish between void and voidable.

■ A writing concerned with the sale of real property must identify the latter. It is common to say that the writing must describe the property, but, as is indicated in Wigmore on Evidence, 3d Ed., § 2476, the connotation of the word "describe" exacts more than the statute of frauds requires. Parol evidence may be used for the purposes of applying the description to the land, but it is never a valid substitute for a missing description.

■ In the present instance, an inquirer who pos-

sessed the paper signed by the respondent would not know in which city, county or state to seek the property. The ambiguity is patent. The tolerant attitude displayed by the courts toward imperfect descriptions causes them to withhold condemnation of descriptions which fail to designate township, range, city, county or state, provided the necessary descriptive particulars are indicated by some other part of the writing: *Bogard v. Barhan,* 52 Or. 121, 96 P. 673; *Bitney v. Grim,* 73 Or. 257, 144 P. 490; and *Bloech v. Hyland Homes Co.,* 119 Or. 297, 247 P. 761.

But, in the present instance, no part of the writing gives any indication whatever of the city, county or state in which the property is located; nor does it mention the place where the agreement was effected or the parties to it reside. As already indicated, no one with this paper in his hand would have any idea where to go in search of the property. In short, a material part of the description is missing and no part of the writing points to the source of evidence aliunde which will identify the property.

*Broadway Hospital v. Decker,* 47 Wash. 586, 92 P. 445, and *Pelletreau v. Brennan,* 113 App. Div. 807, 99 N. Y. S. 955, dealt with situations similar to the one before us. In the first of the two cases the description was: "House No. 322 Broadway". In the second the description was: "Clinton and Joralemon St.". The first description was held insufficient; the second was sustained.

■ As we have said, the ambiguity in the description before us is a patent one. We think that when challenged by the vendor it was fatal to the validity of the instrument which he signed: *Callaghan v. Scandling,* 178 Or. 449, 167 P. (2d) 119; *Hyland v. Oregon Agricultural Co.,* 111 Or. 212, 225 P. 728; *Hughes v. Evans,*

64 Or. 368, 130 P. 639; *Bingham v. Honeyman,* supra; and *Noyes v. Stauff,* supra.

■ Possibly it may be argued that since people normally do not sell property which they do not own, and since this court has sustained such descriptions as "my farm" *(Burns v. Witter,* 56 Or. 368, 108 P. 129) and "my property" *(Henderson v. Lemke,* 60 Or. 363, 119 P. 482), the word "my" should be inserted by implication in front of "lot and house" where that term appears in the writing. "The general opinion is that no such implication is permissible" says Wigmore on Evidence, 3d Ed., § 2476. It is clear that we cannot indulge in the implication which is needed to sustain the writing. Section 2-216, O. C. L. A., provides:

"In the construction of a  *  *  * instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted  *  *  *."

See also § 2-214, O. C. L. A.

The attacked decree is free from error. It is affirmed.

KELLY, J., dissents.