Argued May 3, reversed with instructions June 30, objections to cost bill overruled September 22, 1954

## SELLARDS ET UX. *v.* MALHEUR COUNTY and WELTY ET UX.

272 P. 2d 975

*W. J. Sellards,* In propria persona, of Ontario, argued the cause and filed briefs for the appellants.

*Lyle R. Wolff,* of Baker, argued the cause and filed a brief for the respondents.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, TOOZE and PERRY, Justices.

PERRY, J.

This is a suit brought by the plaintiffs to quiet their title in and to real property described in the complaint as follows:

"All lands lying between the County Road and the Malheur River in the West Half of the East Half of the Southeast quarter (W ½ E ½ SE ¼) of Section Two (2), except seven (7) acres on the east side thereof.

"And all the lands lying between the Malheur River and the County Road in the East Half of the West Half of the Southeast Quarter (E ½ W ½ SE ¼) of Section Two (2),

"all of the above described land being in Township Eighteen (18) South, Range Forty-six (46) East of the Willamette Meridian and within the County of Malheur, State of Oregon."

The complaint alleges that the defendants and each of them claim some interest in the above-described real property, and asks that they be required to set up their adverse claims, if any.

The defendants Malheur county and the Southeast Unit Drainage District did not appear and are in default.

The defendants C. A. Welty and Bertha Welty filed their answer, claiming an interest in and to the property described by the plaintiffs. These defendants prevailed, and from the decision of the trial court the plaintiffs appealed.

Since the commencement of this suit Elizabeth Sellards has died, her interest vesting in the plaintiff W. J. Sellards, and the proceedings were continued for his benefit alone as plaintiff.

The admitted facts in the cause are as follows: In 1923 one James M. Coin was the owner of the following described lands, to-wit:

"The W $\frac{1}{2}$ of the E $\frac{1}{2}$ of the SE $\frac{1}{4}$ and the E $\frac{1}{2}$ of the W $\frac{1}{2}$ of the SE $\frac{1}{4}$ of Section 2, Township 18 South Range 46 E.W.M. in Malheur County, Oregon."

And in July, 1924, James M. Coin and wife conveyed by warranty deed to one Charles Denkey a portion of the above-described real property under the following description:

"All of the land situated in the South end of, and between the Malheur River and the County Road, in the East half (E $\frac{1}{2}$) of the West half (W $\frac{1}{2}$) of the South East Quarter (SE $\frac{1}{4}$) of Section Two (2). And all of the land situated in the South end of and between the Malheur River and the County Road, in the West half (W $\frac{1}{2}$) of the East half (E $\frac{1}{2}$) of the South East Quarter (SE $\frac{1}{4}$) of Section Two (2). Except Seven (7) acres situated in the South End of and between the Malheur River and the County Road, and on the East side of the West half (W $\frac{1}{2}$) of the East half (E $\frac{1}{2}$) of the South East Quarter (SE $\frac{1}{4}$) of Section Two (2) in Township Eighteen (18) South Range Forty Six (46) East of the Willamette Meridian, in Malheur County Oregon.

"Except, that we James M. Coin and Dixie Coin, husband and wife, our heirs and assigns do hereby reserve our rights to one half of all oil and gas thereunder the above described property;—And to build and maintain an irrigation ditch through the above described property. And a wagon road, to and across the Malheur River, through the same."

In 1932 Malheur county foreclosed its tax liens upon the last above-described real property in the hands of Charles Denkey, describing it in the assessment rolls and in the foreclosure proceedings as follows:

"Tr. # 743—West 17 acres lying between the County road and Malheur River in the E ½ W ½ SE ¼ & W ½ E ½ SE ¼, Sec. 2, Twp. 18 S., Rng. 46 E.W.M."

Thereafter and on September 5, 1934, the Board of Commissioners of Malheur county directed the sale of the lands last above described, and on November 3, 1934, the plaintiffs purchased them and received a sheriff's deed conveying said lands to the plaintiffs. In October, 1934, the plaintiffs obtained a quitclaim deed from Charles Denkey, in which he (Denkey) conveyed the land to the plaintiffs under the same description as was contained in his deed from James M. Coin and wife, which is the description relied upon by the plaintiffs in this suit as the description of the lands they claim as owners in fee simple. In January, 1935, Malheur county foreclosed its tax liens upon the remainder of Coin's property that had not been conveyed to Charles Denkey, describing that remainder as follows:

"W ½ E ½ SE ¼, E ½ W ½ SE ¼ less west 17 acres between Malheur River and the County Road in Section 2, Township 18 South, Range 46 E.W.M."

On November 6, 1937, it entered into a written contract with the defendant Clarence Welty for the sale of this land, describing the land in the contract of sale and in the deed subsequently executed by the county to Welty as follows:

"Tr, #305A:
"W ½ E ½ SE ¼ and E ½ W ½ SE ¼ less 17 acres, more or less, between Malheur river and

County road, Sec. 2, Twp. 18 S., Rng. 46 E.W.M., in Malheur County Oregon.''

It is to be noted that the assessor in assessing the Charles Denkey land did not use the description of the land as used in the conveyance from James M. Coin and wife to Charles Denkey, but described the land in the ''west half of the East half of the Southeast quarter of Section two, except 7 acres situated in the south end of and between the Malheur river and the County road'' as the ''West 17 acres lying between the County road and Malheur River in the E ½ W ½ SE ¼ & W ½ E ½ SE ¼, Sec. 2, Twp. 18 S., Rng. 46, E.W.M.'' We are unable from the record to determine why this latter description was used by the assessor for the purpose of assessing this land instead of the description as it appeared in the deed records of the county, and because no survey was made to determine the boundaries as expressed in the description set out in the conveyance from James M. Coin and wife to Charles Denkey, we are unable to determine whether the description used in assessing and foreclosing the tax liens upon the property is an identical description with that used in the conveyance from the Coins to Denkey.

■ We are very doubtful of the validity of either of the tax sales which resulted in conveyances by Malheur county to plaintiffs and the defendants. As we have noted before, the assessor of Malheur county did not describe the real property of Charles Denkey as it appeared in the deed records of that county, and there is no showing that the description which the assessor used describes the same property that Charles Denkey owned and that was being assessed to him for tax purposes. The same is true of the proposed assessment of Coin's remaining land. At the time of the

assessment the statute required "* * * the assessor shall set down in the assessment roll, in separate columns, and according to the *best information he can obtain* * * * a description of each tract or parcel of land to be taxed * * *." (Italics ours.) § 69-242, OCLA, § 110-336, OCLA, now 308.215 ORS. The information was there on the deed records and the best available to him. We do not think that any authority rests in an assessor to select a description of his own that does not substantially comply with the description in the deed record.

However, insofar as the plaintiffs are concerned in this matter, the record shows that they are the holders of a quitclaim deed of conveyance from Charles Denkey to whatever interest Denkey had, and it is apparent upon the face of the conveyance from the county to Clarence Welty that the description is wholly insufficient to convey title to him therefor.

Whether the assessments and the foreclosures properly described the various tracts of property, and whether the sales held thereunder are valid, is immaterial to the decision of this case. To render a deed void for uncertainty of description, the ambiguity must be patent; that is, it must appear upon the very face of the instrument (*Frizeen v. Swanton,* 148 Or 250, 34 P2d 939); if the ambiguity is patent, parol evidence is not admissible, for the exact description of the grant is stated, and any application of extrinsic evidence would not be to identify or locate the property from a faulty description, but rather to add to or subtract from the words of the conveyance, thus varying the terms of an instrument by parol contrary to the statute of frauds. *Hertel v. Woodard,* 183 Or 99, 191 P2d 400; *Bingham v. Honeyman,* 32 Or 129, 51 P 735.

■ The description in the deed of conveyance from Malheur county under which the defendants claim adversely to the contentions of plaintiffs is patently ambiguous; it reads as follows:

"W ½ E ½ SE ¼ and E ½ W ½ SE ¼ less 17 acres, more or less, between Malheur river and County road, Sec. 2, Twp. 18 S., Rng. 46 E.W.M., in Malheur County Oregon."

It must be readily seen that there is no ascertainable description of the real property whatsoever, for this description attempts to describe a parcel of land by subtracting therefrom an indefinite number of acres. No one, a surveyor or otherwise, could determine the land conveyed by the county to Weltys, either by boundaries or in acreage amount. Likewise, it is quite evident that it is entirely impossible to determine the location of the 17 acres (assuming that the exact acreage is 17 acres, not more or less.) that is to be subtracted from the description in the defenants' deed. *Seguin et al. v. Maloney-Chambers,* 198 Or 272, 253 P2d 252, 256 P2d 514. It must, therefore, follow that the conveyance under which the defendants Welty claim, being void for uncertainty, they cannot prevail.

The cause is reversed with instructions to enter judgment for the plaintiffs.