Argued October 5, affirmed November 18, 1964

·COAST ·BUSINESS BROKERS, INC. *v.* HICKMAN

396 P. 2d 756

*Darst B. Atherly,* Eugene, argued the cause and filed a brief for appellant.

*Lewis Hoffman,* Eugene, argued the cause for respondent. With him on the brief were Bailey, Hoffman, Spencer & Morris, Eugene.

Before McAllister, Chief Justice, and Rossman, Sloan and Goodwin, Justices.

SLOAN, J.

Plaintiff, a real estate broker, brought this action to recover a broker's commission. Plaintiff's claim to a commission was based upon an earnest money receipt that had been signed by defendant. Defendant signed the receipt as a prospective buyer. The earnest money receipt was made a part of plaintiff's complaint. At the beginning of the trial, the trial court sustained an objection to the admission of any evidence in support of the complaint. The objection was actually in the nature of a demurrer for the reason that the complaint did not state sufficient facts to constitute a cause of action. The trial court held the receipt did not satisfy the Statute of Frauds, particularly, ORS 41.580(5) and (7). Plaintiff elected to stand on the complaint. Judgment was entered for defendant. Plaintiff appeals.

The earnest money receipt contained several conditions. The conditions imposed, the description of the property involved and the form of the execution of the receipt were all challenged by the demurrer. It was also contended that the receipt did not express a consideration. We need not decide this last issue. The purported description of the property involved and the other conditions of the proposed purchase, as set forth in the receipt, did not satisfy the Statute.

The specific language of ORS 41.580 as it applies to this case, reads:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writ-

ing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *

"(5) An agreement * * * for the sale of real property, or of any interest therein.

"* * * * *

"(7) An agreement authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission; * * *."

We mentioned that the conditions of the purchase did not meet the test of the Statute. For the purpose of this opinion, however, we will only refer to the description which attempted to identify the property involved. It read:

"* * * the purchase of the following described real estate situated in the City of ———, County of Lane, State of Oregon to-wit: 57 Acres of land known as the Kelly Estate situate on Woakink Lake, south of Florence, Lane County, Oregon. Also two tracts of land one of 5 acres and one of 7 acres adjoining Honeyman park south of Florence. Descriptions to be attached * * *."

In *Hertel v. Woodard,* 1948, 183 Or 99, at 102, 191 P2d 400, the requirements of the Oregon Statute, in respect to the problem at hand, were set forth in language which requires no explanation:

"* * * our statute of frauds doubly condemns agreements which do not comply with its exactions. It terms them void and says that evidence 'of the agreement shall not be received' except the writing itself. Apparently the stricture, doubly affixed, was intended to set at rest in this state the issue as to whether or not the statute of frauds dealt with substantive rights or mere procedure.

"In *Noyes v. Stauff,* 5 Or. 455, it is said:

'The parol evidence, offered by the plaintiff

to explain the paper and to identify the property intended to be embraced by said document, was all properly rejected, as it does not appear to contain a latent ambiguity; the ambiguity is patent, and parol evidence is not admissible to explain it.'

A patent ambiguity in a description of property found in a writing subject to the statute of frauds renders the instrument void: *Bingham v. Honeyman*, 32 Or. 129, 51 P. 735. A latent ambiguity is subject to clarification by parol evidence: *Kanne v. Otty*, 25 Or. 531, 36 P. 537; *Hicklin v. McClear*, 19 Or. 508, 24 P. 992; *Holcomb v. Mooney*, 13 Or. 503, 11 P. 274. * * *."

In *The Oregon Home Builders v. Crowley*, 1918, 87 Or 517, at 536, 170 P 718, 171 P 214, a case involving a real estate broker's action for a commisison, the opinion of Mr. Justice HARRIS also expressed the basic requirements of the statute:

"* * * Broadly stated, a writing to satisfy the statute of frauds must show the contracting parties, intelligently identify the subject matter involved, disclose the terms and conditions of the agreement, express the consideration and be signed by the party to be charged: * * *."

The description of the 5 and 7 acre tracts contained in the earnest money receipt was not just patently ambiguous, it was devoid of any identification. The description did not "intelligently identify the subject matter." It could have referred to any tract of the approximate size adjoining the Honeyman park, regardless of ownership or location. The other conditions of purchase were, as stated, also ambiguous. Thus, the trial court correctly ruled that since the writing before him contained the only evidence that

could be considered, the contract was not enforceable. *Hertel v. Woodard,* supra, 183 Or at 103.

We think it clear that the earnest money receipt did not satisfy the Statute of Frauds and the judgment is affirmed.