Keith *v.* Cheeny.

MATTHEW KEITH, Plaintiff in Error, *v.* FRANKLIN CHEENY, Defendant in Error.

*Error to Multnomah.*

1. The issuing to claimants of certificates of donation claims belongs to the register and receiver of the land office; and in Oregon, they are the successors of the surveyor-general in this business.
2. A certificate is evidence of residence, cultivation, and other facts which it recites.
3. The donee of a land claim may maintain an action, under our statute, for the recovery of real property, at least, against one who shows no title except *possession.*

THIS action is to recover the possession of a town or building lot situate in the city of Portland, and county of Multnomah. The cause was tried at the March term, 1860, of the Circuit Court of Multnomah County.

*Williams & Gibbs,* for plaintiff in error.

*Logan & Shattuck,* for defendant in error.

BOISE, J. The plaintiff in the court below declared as tenant in fee; and the defendant, in his answer, also claimed to be tenant in fee.

On the trial, the plaintiff (Cheeny) offered in evidence a

deed to the premises from William W. Chapman and wife, and also three other paper writings ; one, a donation certificate issued to said Chapman and wife; one, a certificate stating that said Chapman had paid at the land office one dollar and a quarter per acre for the land described in said donation certificate; the other, a receipt for said money so paid ; each of these papers purported to be copies of papers signed by the surveyor-general of Oregon.

These papers were attached together, and upon the back of the first named were the certificates of the register and receiver. The land described in said donation certificate embraces the land in dispute. Defendant objected to the admission of these papers:

1st. Because they did not come from the officer properly having their custody.

2d. That the evidence of residence and cultivation ought to accompany them.

As to the first point: the first amendment to the act of Congress of the 27th of September, 1850, (commonly known as the donation law,) provides for the appointment of a register and receiver for Oregon; and further provides, that the surveyor-general shall perform the duties of such officers, until he shall be superseded in this business by the register and receiver thus provided for.

The business of issuing certificates to settlers properly belongs to the office of register and receiver; and, on the appointment and qualification of such officers in Oregon, they became in this business the successors of the surveyor-general, and their office the proper place of deposit for donation certificates ; and this donation certificate, coming, as it does, from that office, was properly admitted, to show that Chapman and wife were possessed of the premises, including the land in dispute. As to the other two papers, mentioned as attached to this donation certificate, we think them improperly admitted, for they were not certified at all, and, for aught that appears, might have been attached without authority. But all these papers were offered together to show possession

Keith *v.* Cheeny.

by Chapman, and as that was sufficiently shown by the paper that was certified, they were immaterial, and could have worked no injury to the plaintiff in error, for Cheeny having produced a deed from Chapman and wife to himself, and then shown that Chapman and wife were possessed of the premises, was clearly entitled to recover against Keith, who does not pretend to have shown any title at all except possession. We also think it was not necessary for Cheeny to produce, on the trial, the original evidence of residence and cultivation by Chapman and wife, for the certificate recites those facts, and is evidence of the facts which it recites.    There is one other point insisted upon by the plaintiff in error, which is, that the act of the legislature of this State, providing for and regulating real actions, does not contemplate any but the recovery of strictly legal titles.    This language of the first section of this statute, " that any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action," &c., is very broad, and was intended to embrace in one form all actions for the recovery of the possession of real estate.    And in any case, although the legal title is still in the United States, we think the donee of a land claim, having obtained a certificate thereto, or his assignee, may maintain this action against one who shows no color of title.

In this case, the defendant, Keith, did not show any title whatever, except naked possession; and, therefore, is not entitled to hold against the assignee of Chapman, who holds the donation certificate, which, at least, shows that he was in possession under color of title.

Judgment below affirmed.