Argued April 11; decided 20 June, 1898.

## HAYDEN *v.* BROWN.

[ 52 Pac. 490 ]

1. SUFFICIENCY OF DESCRIPTION IN DEED — COURSES.— A description of a tract as commencing at a given spot, "running thence one point east of south * * * thence one point west of north" * * * is sufficiently accurate to be identified, since it appears that a "point" is a division of a mariner's compass equal to 11° 15′.

2. CONSTRUCTION OF DEED — DESCRIPTION.— When, by omitting one part of a false or impossible description in a deed, a perfect description remains, the false part should be rejected, and the instrument upheld.  *Wallamette Falls Canal Co.* v. *Gordon*, 6 Or. at p. 179, and *House* v. *Jackson*, 24 Or. 89, applied.

From Jackson :   HIERO K. HANNA, Judge.

This is a suit to enjoin an alleged trespass.   The plaintiffs allege :   That they are the owners of and in possession, and entitled to the possession of a mining claim in Jackson county, described as follows :   "Commencing at the discovery shaft on the said claim, known as the 'Mountain Lily Ledge,' situated in sections two and thirty-five, township thirty-six south, of range three west of the Willamette meridian, on Paddy Hill, in the Centennial mining district, running thence one point east of south five hundred feet, thence from said shaft one point west of north one thousand feet; being six hundred feet in width,— three hundred feet on each side of

the above-described line.'' That said defendants have
heretofore gone upon said mining claim, and extracted
therefrom gold and gold-bearing rock and dirt of great
value,—the actual value thereof being unknown to plain-
tiffs ; and that they threaten to so trespass upon said
mining claim, and extract gold and gold-bearing rock
and dirt therefrom. That plaintiffs verily believe they
will continue to do so, unless restrained by the court, to
plaintiffs' great and irreparable damage and injury.
That plaintiffs have no plain, speedy, or adequate rem-
edy at law, etc. The answer specifically denies each al-
legation of the complaint, except plaintiff's ownership,
possession, and right of possession, and the cause, being
at issue, was referred, and the testimony taken, from
which the court found '' that the allegations of the com-
plaint charging defendants with trespassing upon the
mining claim described therein have not been sustained,
and that there is no evidence showing such trespass,''
and dismissed the suit, from which decree plaintiffs ap-
peal.

REVERSED.

For appellants there was a brief over the name of
*Hammond & Vawter*, with an oral argument by *Mr. A.
S. Hammond.*

For respondents there was a brief and an oral argu-
ment by *Mr. Samuel Stanley Pentz.*

MR. JUSTICE MOORE, after stating the facts, delivered
the opinion of the court.

1. Counsel for plaintiffs contend that the decree com-
plained of is based upon the false assumption that the
description of the mining claim is too indefinite and un-
certain for identification, and that, if it does describe any

claim, the boundaries thereof would not include the land upon which the defendants are working; while counsel for the defendants insist that the description locates the claim in two sections four miles apart, thus showing that it is more than 1,500 feet in length, and therefore not a legal claim. The evidence tends to show that the Mountain Lily Ledge was located prior to the Ida Bell mining claim, which is owned by the defendants, and either adjoins or intersects plaintiffs' claim. It also appears that the Mountain Lily Ledge is distinctly marked on the ground by stakes, stones, or marked trees placed or growing at each corner of the claim ; and at the center of each of the end lines, and between these monuments the exterior lines of the claim are blazed on the trees standing thereon, and that the discovery shaft is situated 6 chains and 43 links west and 5 chains and 10 links south of the corner to sections 1, 2, 35, and 36 on the line between townships 36 and 37 south, of range 3 west of the Willamette meridian. It is the discovery of a vein or lode within the limits of a mining claim that renders the location thereof effectual ( Rev. St. U. S. § 2330 ; *Gleeson* v. *Martin White Mining Co.*, 13 Nev. 442 ); but, no issue having been raised upon this question, plaintiffs were under no obligation to prove the fact, notwithstanding which the evidence tends to show that a mineral lode was found in the discovery shaft. The pleadings also admit that plaintiffs are the owners of, and in possession, and, such being the case, the important questions presented by this appeal are whether the mining claim in question is so definitely and certainly described as to enable a competent surveyor, with the pleading before him, to locate the premises by the description therein, and the aid of extrinsic evidence ; and, if so, have the defendants trespassed thereon? The testimony of Peter Applegate, a mineral surveyor of much experience, shows

that a mariner's compass is divided into 32 equal parts called "points," each of which is 11 degrees and 15 minutes, and that a " point," when used to indicate a course, though not ordinarily adopted in land surveys, is as definite and certain as though the number of degrees and minutes were given ; that running the center line one point east of south and one point west of north from the discovery shaft means a line running south, 11 degrees, 15 minutes east, and north, 11 degrees and 15 minutes west from the shaft.   We think there can be no reasonable ground for controversy on this question, and that the course, as given in the complaint, when read in the light of this testimony, renders the identification of the center line of the mining claim certain.

2. So, too, the description of the claim as being situated in sections 2 and 35 in township 36 south, of range 3 west, etc., shows that the claim is more than 4 miles in length ; and, as but 1,500 feet in length can be embraced in a mineral location, it is evident that one or both of these sections must be rejected from the description. When, by omitting one part of the description in a written instrument which is false or impossible, a perfect description remains, the false part should be rejected, and the instrument upheld as effectual to carry out the intention of the parties to it : *Anderson* v. *Baughman*, 7 Mich. 69 (74 Am. Dec. 699).   "A grant," says Mr. Justice Wright in *Seaman* v. *Hogeboom*, 21 Barb. 398, "is not to be frustrated altogether, or the intention of the parties rendered less certain, by resorting in the construction of it to a mistaken and uncertain circumstance, if there be that in the description which can be sufficiently ascertained to render the intention entirely manifest, and preserve the grant."   Invoking the rules here announced, we think the description in the complaint, as explained

by the evidence, sufficient to enable a competent surveyor to locate the boundary of the said Mountain Lily ledge claim ; and hence the complaint is sufficient in this particular : *Lock Co.* v. *Gordon*, 6 Or. 175 ; *House* v. *Jackson*, 24 Or. 89 (32 Pac. 1027).

The evidence also tends to show that the defendants have been mining within the boundary marked by said monuments, and about 80 feet west of the east line of plaintiffs' said claim, and hence have trespassed upon their premises. Some evidence of an arbitration between the former proprietors of the Mountain Lily Ledge and the Ida Bell claim was introduced at the trial, tending to show that a boundary line had been agreed upon by those to whom the matter was submitted, but there was no allegation of such arbitration, and hence the evidence thereof was immaterial ( Morse, Arb. 584); but, if such evidence were deemed competent, an inspection of the award, which is made a part of the transcript, fails to disclose where the boundaries were located by the arbitrators. It follows that the decree of the court below must be reversed, and one entered here perpetually enjoining defendants, their agents, etc., from trespassing upon or removing the gold, gold-bearing rock or dirt from said premises.

REVERSED.