Argued June 8, decided July 21, 1908.

## BOGARD v. BARHAN.

[96 Pac. 673.]

FRAUDS, STATUTE OF—DESCRIPTION OF LAND—SUFFICIENCY.

1. A description of premises, to answer the requirements of the statute of frauds, must be such as to render the intention entirely manifest, and resort cannot be had to extrinsic evidence to determine what property is intended.

SAME.

2 A description of the premises answers the requirements of the statute of frauds where, though it does not indicate the boundaries, it is sufficient to fit and comprehend the premises, and resort may be had to extrinsic evidence to ascertain the boundaries or otherwise fix the identity of the premises and apply the description, provided it does not dispute or add thereto.

DEEDS—DESCRIPTION—SUFFICIENCY.

3. The sufficiency of a description in a deed or other instrument affecting real property, is determined by whether a surveyor can, with the deed or other instrument before him, with or without the aid of extrinsic evidence, locate the real property and establish the boundaries.

FRAUDS, STATUTE OF—DESCRIPTION OF LAND—SUFFICIENCY.

4. A description of premises to be exchanged as "the brick store building occupied by B. & W., located in W., M. County, Oregon," is sufficient to answer the requirements of the statute of frauds.

SAME.

5. A description of premises to be exchanged as "his five-acre residence property lying west of the Catholic Church" is sufficient to answer the requirements of the statute of frauds.

SAME.

6. A description of premises to be exchanged as "my fifteen-acre farm, located one mile north of W., M. County, Oregon," is sufficient to answer the requirements of the statute of frauds; and a description of premises to be exchanged as "lot 7, block 2, T.'s addition to W.," is on its face a definite description, sufficient to answer the requirements of the statute of frauds.

SPECIFIC PERFORMANCE—COMPLAINT—SUFFICIENCY.

7. An amended complaint for specific performance of a contract for the exchange of lands, whereby the "second parcel" described only three sides of a quadrangle, and thus did not close or bound any property, was insufficient in that particular.

SAME.

8. An amended complaint for specific performance of a contract for the exchange of lands containing a description of what was probably intended as a part of a five-acre tract, which did not close, and, if closed by extending the last distance given, included more than 60 acres, was insufficient in that particular.

SAME.

9. An amended complaint for specific performance of a contract for the exchange of lands, attempting to describe by metes and bounds, six sep-

arate parcels as the lands mentioned in the contract, without any allegation of facts to identify the particular piece to which any one was intended to refer, or from which the court could say that it fit or comprehended the description in the contract, was insufficient.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit to compel specific performance of the following contract for an exchange of lands:

"Woodburn, Oregon, June 16, 1906.

This agreement made this date between A. Barhan, party of the first part, and Z. T. Bogard, party of the second part, witnesseth: That the party of the first part agrees to transfer to the party of the second part the following described property, the brick store building occupied by Beebe & Whitman, located in Woodburn, Marion County, Oregon; also my 15-acre farm located one mile north of Woodburn, Marion County, Oregon; also to pay one hundred dollars cash and give my note for eight hundred dollars, payable on or before eight years, in payments of one hundred dollars each year, with interest at the rate of 8 per cent, payable annually. For this the party of the second part agrees to transfer to the party of the first part his 5-acre residence property lying west of the Catholic Church, and also lot 7, block 2, Tooze's addition to Woodburn. And it is further agreed that the taxes on property of party of the first part is to be assumed by party of the second part, and that on party of second part to be assumed by party of the first part, and that party of second part is to occupy his residence property until September 30, and that party of first part is to occupy the 15-acre farm until the party of the second part gives possession of his residence property.

                                        A. Barhan.
                                        Z. T. Bogard."

The amended complaint sets out the contract, and attempts to give a specific description by metes and bounds of the property mentioned in the agrement, and alleges a tender to perform by plaintiff and a refusal to perform by defendant.

To this complaint defendant demurs, on the ground that it does not state facts sufficient to constitute a cause

of suit.. The demurrer was overruled by the court, an answer was filed, a trial had, and a decree rendered for plaintiff, and defendant appeals.          REVERSED.

For appellant there was a brief and oral arguments by *Mr. George G. Bingham* and *Mr. Elisha P. Morcom.*

For respondent there was a brief and oral arguments by *Mr. Thomas Brown* and *Mr. John A. Carson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. By the demurrer the defendant questions the sufficiency of the writing to answer the requirements of the statute of frauds, in this: That it is void for uncertainty of the description, and that the averments of the amended complaint are broader than the memoranda. There are four items of real property mentioned in the agreement, namely, "the brick store building occupied by Beebe & Whitman, located in Woodburn, Marion County, Oregon"; "my 15-acre farm located one mile north of Woodburn, Marion County, Oregon"; "his 5-acre residence property lying west of the Catholic Church"; and "lot 7, block 2, Tooze's addition to Woodburn." None of these descriptions is sufficiently definite within itself to locate or identify the property; and the question is: Are they sufficient to answer the requirements of the statute of frauds? The description or designation of the property in the agreement must be such as to render the intention entirely manifest, and resort cannot be had to extrinsic evidence to determine what property is intended.

2. But though the description of the property in the agreement does not indicate its boundaries, and yet is sufficient to fit and comprehend the property, it is a compliance with the statute of frauds; and resort may be had to extrinsic evidence to ascertain the boundaries or otherwise fix its identity, and apply the description to the very property intended, provided that it does not dispute or add to the agreement: *Ryan* v. *United States,*

136 U. S. 68 (10 Sup. Ct. 913: 34 L. Ed. 447) ; *Halsell* v. *Renfrow,* 14 Okl. 674 (78 Pac. 118) ; *Eggleston* v. *Wagner,* 46 Mich. 610 (10 N. W. 37) ; Browne, Stat. Frauds, § 385; Wood, Frauds, § 353.

3. That is certain which can be made certain. If the land has, as a tract or lot, acquired a name to distinguish it and by which it is known, the same may be conveyed without reference to its boundaries. The rule for determining the sufficiency of a description in a deed or any other writing in relation to real property is: Can a surveyor, with a deed or other instrument before him, with or without the aid of extrinsic evidence, locate the land and establish the boundaries? *Willamette Co.* v. *Gordon,* 6 Or. 175, 179; *House* v. *Jackson,* 24 Or. 89 (32 Pac. 1027) ; *Hayden* v. *Brown,* 33 Or. 221 (53 Pac. 490) ; *Smiley* v. *Fries,* 104 Ill. 416.

4. Tested by these rules, each of these properties is capable of identification from the description contained in the agreement. "The brick store building occupied by Beebe & Whitman, located in Woodburn, Marion County, Oregon," is a definite description of the property, provided there are not two properties answering to that description. When the evidence was adduced it appeared that it was only a portion of the first floor of a certain two-story brick building, but it is not disputed that the only portion of said store building owned by defendant, and for which plaintiff seeks a conveyance, was the portion thereof occupied by Beebe & Whitman; and it is easily identified and bounded.

5. Plaintiff's property designated as "his 5-acre residence property lying west of the Catholic Church" does not mention the location thereof by reference even to the county and state; and this is claimed to be too indefinite. But it is said in Devlin, Deeds, § 1012: "When a doubtful description is to be construed, the court should endeavor to assume the position of the parties, the cir-

cumstances of the transaction should be carefully considered, and, in the light of those circumstances, the words should be read and interpreted." The contract is dated at Woodburn, Oregon, and in the light of that fact, and that all the other property is referred to as at Woodburn, the designation of "his 5-acre residence property lying west of the Catholic Church," and "party of the second part is to occupy his residence property until September 30," clearly indicates that it is the property in which he was residing in that vicinity, and by extrinsic evidence its location and boundaries may be easily ascertained. At any rate, on the face of the agreement, it is sufficiently definite for identification.

6. The same is true of defendant's 15-acre farm. "Lot 7, block 2, Tooze's addition to Woodburn," is a definite description on the face of the agreement. At the trial it was suggested that this lot is in "Tooze's First Addition." If Tooze platted several additions to Woodburn, it is likely that he designated the first one as "Tooze's Addition," and not "Tooze's First Addition." At any rate, the designation is not defective or indefinite on its face.

There is an evident error in the description of the property sought to be described by metes and bounds in the "third parcel" in the complaint, probably intended as a description of the first parcel in the agreement, namely, "the brick store," but which is clearly incorrect; and plaintiff has applied here for leave to amend his complaint by correcting the error in that description. But it is unnecessary to consider that motion, as the demurrer must be sustained for other defects.

7. We find two other errors in the descriptions in the amended complaint equally as defective as that of the brick store, namely, the "second parcel" in the amended complaint describes only three sides of a quadrangle, and thus does not close or bound any property.

8. The description of what is probably intended as a part of plaintiff's 5-acre residence property does not close, but, if closed by extending the last distance given, includes more than 60 acres of land, and clearly has no application to the property described in the agreement.

9. Furthermore, the amended complaint attempts to describe by metes and bounds, six separate parcels as the property mentioned in the agreement, without any allegation of facts to identify the particular piece to which any one is intended to refer, or from which the court can say that it fits or comprehends the description in the agreement; and the amended complaint is insufficient in that particular. Therefore the complaint does not disclose the identity of the property mentioned in the agreement, nor that plaintiff is entitled to a decree requiring a conveyance of the property described in the complaint, or that the plaintiff is fulfilling the agreement by tendering a conveyance of the property he describes for that purpose; and the demurrer should have been sustained.

The decree is reversed, and the cause remanded, with directions to sustain the demurrer, and for such other proceedings as may be proper.          REVERSED.