Argued March 4, decided March 18, rehearing denied April 22, 1913.

## WHITE v. PROEBSTEL.

(130 Pac. 732.)

**Reformation of Instruments—Evidence—Interest of Plaintiff.**

1. In a suit to reform a deed executed by defendant so as to include lot 5 in section 21, where it was shown that lot 5 was subsequently conveyed to G., that G. prepared and filed a plat of a tract described as the "G. tract" in section 21, and subsequently conveyed lots therein to plaintiffs by reference to the plat, it was sufficiently shown that plaintiffs' lots were in lot 5 to enable them to sue for a reformation of defendant's deed, especially where defendant had himself conveyed land by reference to the plat of the G. tract.

**Estoppel—Description of Property—Reference to Plat.**

2. A person who conveys lots described by reference to a plat prepared and recorded by another is bound by such plat.

**Reformation of Instruments—Mistake—Sufficiency of Evidence.**

3. In a suit to reform a deed, evidence *held* to show that a reference to the northwest quarter of the southwest quarter of a section was inserted by mistake for "northwest quarter of the southeast quarter."

[As to reformation of instruments on the ground of mistake, see notes in 30 Am. St. Rep. 621 and 117 Am. St. Rep. 227.]

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by Amanda F. White, Elizabeth M. Caldwell, Lettie Lyons, Mary I. Norton and Clara E.

Morey, against Frederick Proebstel and Media Proebstel, his wife, Marie B. Snodgrass, Joseph M. Snodgrass and Bell Snodgrass, his wife, William F. Snodgrass and Grace Snodgrass, his wife, Margaret Abbott and Frank T. Abbott, her husband, Jessie M. Bartlett and E. W. Bartlett, her husband, Sarah E. Van Buren and J. Van Buren, her husband, James G. Snodgrass and Lola M. Snodgrass, his wife, Maud M. Snodgrass, John Francis Snodgrass, James G. Snodgrass, administrator of the estate of W. J. Snodgrass, deceased, Media Proebstel, and Media Proebstel, executrix of the estate of Frederick Proebstel, deceased, to reform a deed from Frederick Proebstel to Wendel Proebstel, executed on the 24th day of September, 1857, and to cancel a deed made by Frederick Proebstel to W. J. Snodgrass, and one by W. J. Snodgrass to Frederick Proebstel, both relating to the same property, also to quiet the titles of the plaintiffs to parts of the property misdescribed in the first-named deed, and for other relief. It appears that on March 16, 1854, Frederick Proebstel located upon and gave notice to the Surveyor-General of Oregon of his claim as a donation land claimant for 160 acres of land described as follows in his notice:

"Fractional northwest quarter of southeast quarter of section 21; fractional northeast quarter of southwest quarter of section 21; fractional northwest quarter, section 21; fractional northeast quarter of northeast quarter of section 20." Thereafter, on the 13th day of March, 1857, there was issued to him by the register and receiver of the United States land office, at Oregon City, a certificate of proof of residence and payment for said land, in which the land is described as: "River lot No. 1 in section 20; river lots Nos. 1 and 2 in section 21; and fractional river lots No. 3 in section 21. The east half of the northwest quarter of section 21, fractional northwest quarter of

the southeast quarter of section 21 in township No. 1 north of range No. 1 east of the Willamette meridian, containing 159.29 acres.'' Thereafter, on the 11th day of September, 1865, a patent was issued by the United States to the said Frederick Proebstel for said land described in the patent as: ''Lot one in section twenty; lots one, two, three and five and the east half of the northwest quarter twenty-one, all in township one north of range one east in the district of lands subject to sale at Oregon City, Oregon, containing one hundred and sixty acres and fourteen hundredths of an acre.'' Prior to the issue of the patent, namely, on the 24th day of September, 1857, Frederick Proebstel conveyed to Wendel Proebstel the following described land: ''River lot No. 1 in section 20, river lots No. 1 & 2 in section 21, and fractional river lot No. 3 in section 21. The east half of the northwest quarter of section 21, fractional northwest quarter of the southwest quarter of section 21 in township No. 1 north of range No. 1 east of the Willamette meridian, containing one hundred and fifty nine 29/100 acres (159.29/100).''

It will be noticed that the description in this deed by Frederick Proebstel to Wendel Proebstel follows literally the description contained in the register and receiver's receipt, except that the description of the tract last named is given as, ''Fractional northwest quarter of the southwest quarter of section 21,'' instead of ''northwest quarter of the southeast quarter.'' The property was never fenced, but thereafter was used for stock purposes by Wendel Proebstel until January 20, 1872, when he conveyed it to P. T. Smith and C. W. Burrage, in which conveyance he describes the land as situated in ''sections twenty and twenty-one of township one north of range one east of the Willamette meridian, the same being the Frederick Proebstel land claim more particularly described as follows: [Using

the description given in the patent to Frederick Proebstel]." On January 4, 1875, Smith and Burrage conveyed to M. S. Griswold: "Lot five (5) of section twenty-one (21) of township one (1) north of range one (1) east of the Willamette meridian. The same being part of the Frederick Proebstel donation land claim. * * Containing 8.66 acres." This description of lot 5 of section 21, it will be noted, is the same as that used in the patent, and refers to the same tract described in the register and receiver's receipt as the "fractional northwest quarter of the southeast quarter of section 21." On the 13th day of February, 1883, the said Griswold platted into lots and streets 950 feet by 286 feet of the east part of said lot 5 as:

"Plat of Griswold tract, being part of 'City View addition to Albina,' situate in sec. 21, T, 1 N., R. 1 E., near Albina"—and filed said plat in the county clerk's office of Multnomah County; there being no other description on the plat disclosing the ground platted from which it can be located. Accompanying the plat there was also filed and recorded at the same time a deed of dedication executed by Griswold and his wife on February 13, 1883; the dedication being in the following words:

"Plat Book 1, Page 68.

## "GRISWOLD TO THE PUBLIC.

"Know all men by these presents, that we, M. S. Griswold and Jennie F. Griswold, do hereby make, establish and declare this map and plat to be the plat of the 'Griswold tract,' being a part of the City View addition to Albina, in Multnomah County, Oregon. The lands represented therein being upon a part of the donation land claim of Frederick Proebstel, situate, lying and being in the county of Multnomah and state of Oregon. And we do hereby dedicate to the use of the public as streets, alleys, avenues and public grounds all such portions of said land upon said map and so

represented as the same are thereupon laid down and mapped. * * ''

Thereafter the plaintiffs separately, in the years 1892, 1893 and 1894, purchased from said Griswold, and received deeds therefor, lots in said Griswold tract as follows: Amanda F. White, lots 4 and 5, block 11; Elizabeth M. Cadwell, lots 6 and 7, block 11; Lettie Lyons, lot 1, block 13; and Mary I. Norton, lot 8, block 11, and lot 8, block 13. Plaintiff Clara E. Morey withdrew from the case before trial, and seeks no relief here.

It appears from the maps and testimony that the Willamette River meanders through the southwest quarter of said section 21, so as to cover the whole of said northwest quarter of the southwest quarter; and therefore that there is no fractional northwest quarter of the southwest quarter of section 21, or if there be that it was not a part of the Frederick Proebstel donation land claim. On October 8, 1908, Frederick Proebstel conveyed to W. J. Snodgrass a part of said lot 5 in section 21, not platted by Griswold, and certain lots and blocks in the Griswold tract, described with reference to the "Griswold plat," thus making Frederick Proebstel a party to the plat, and he is bound by it: *Oregon City* v. *Oregon & C. R. Co.,* 44 Or. 165 (74 Pac. 924); *Kuck* v. *Wakefield,* 58 Or. 549 (115 Pac. 428).

There was admitted in evidence a decree of the Circuit Court of the State of Oregon for Multnomah County, rendered on the 26th day of January, 1909, in the case of *David Goodsell as Administrator of the Estate of M. S. Griswold, Deceased,* v. *Frederick Proebstel et al.* to reform this deed of Frederick Proebstel to Wendel Proebstel, in which suit Proebstel appeared and the court decreed the reformation of the description in the said deed to make it include lot 5 of section 21, township 1 north, range 1 east, Willamette meridian, instead of reading: "Fractional northwest quarter of southwest quarter of section 21." The Snodgrass

heirs having filed a disclaimer here, they are eliminated from the case; and Frederick Proebstel testifies that the deed to Snodgrass was only a trust to help Proebstel get the title straightened out, and in his answer asks to have the deed to Snodgrass canceled. Frederick Proebstel died since the trial of the case, and the suit was ordered continued against Media Proebstel, administratrix of his estate. The plaintiffs paid taxes on their respective lots continuously from the dates of their respective purchases, beginning about 1892 or 1893, until the time of the trial. Upon the trial, findings were made sustaining the contention of plaintiffs, and Media Proebstel, individually and as administratrix, appeals.                    AFFIRMED.

For appellants there was a brief, with oral arguments by *Mr. Martin L. Pipes* and *Mr. Henry St. Rayner*.

For respondents there was a brief and an oral argument by *Mr. George J. Perkins*.

MR. JUSTICE EAKIN delivered the opinion of the court.

Counsel claims to have offered the decree in the case of *Goodsell* v. *Proebstel* in evidence only to show an admission on the part of Frederick Proebstel in allowing the decree to go against him reforming the deed; and, plaintiff claiming no more, it is not necessary to consider whether the reformation of the deed operated to actually reform the deed, or was only a quieting of the title of the plaintiffs in that suit.

1, 2. Defendants contend that the deeds from Griswold to the plaintiffs are void, because the plat to which they refer is too indefinite to identify the property or to connect them with the alleged error in the deed from Frederick Proebstel to Wendel Proebstel; but the deed and plat, taken together, are not void for failure to

identify the property. That is certain which can be made certain: *Bogard* v. *Barhan,* 52 Or. 121 (96 Pac. 673, 132 Am. St. Rep. 676), where it is said that if a tract or lot has acquired a name to distinguish it, and by which it is known, the same may be conveyed without reference to the boundaries. This tract is known as "plat of the Griswold tract," being a part of the City View addition of Albina, in section 21, township 1 north, range 1 east, near Albina, and the deed of dedication describes it as upon a part of the donation land claim of Frederick Proebstel, and lot 5 of said section 21 was conveyed to Griswold; therefore, we now have the "plat of the Griswold tract" located as part of said lot 5. By Proebstel's deed to Snodgrass, he conveys by metes and bounds the west 406.3 feet of said lot, and "also lots 1, 2, and 8 in block 13 and lots 4, 5, 6, 7, and 8 in block 11 of the Griswold tract." Thus by Proebstel himself we have further identity of the platted ground as lot 5, section 21. If the 40-acre tract were just 80 rods long, that would make it 1,320 feet in length. The plat includes 950 feet east and west of the Griswold tract, and the part described by metes and bounds in the Proebstel deed to Snodgrass is 408.9 feet, which takes the whole of the said lot 5. First, we have a name that identifies the platted ground as the "Griswold tract," and extrinsic evidence may be resorted to to locate it. Proebstel also is bound by the plat, as he conveyed lots described by reference thereto: *Oregon City* v. *Oregon & California R. Co.,* 44 Or. 165 (74 Pac. 924) ; *Kuck* v. *Wakefield,* 58 Or. 549 (115 Pac. 428). So far as the identity of the plat is concerned, this case is almost identical with *Jaeger* v. *Harr,* 62 Or. 16 (123 Pac. 61). There was no occasion to locate the several lots of the plaintiffs other than as part of lot 5, section 21, their title being in question only so far as relates to the error in the Proebstel deed; and we hold that the

description is sufficient for that purpose. However, there is sufficient extraneous evidence here as to the particular location of the lots of these plaintiffs to locate them, were that necessary.

3. This brings us to the real question in the case, Was there a mistake made in the deed from Frederick Proebstel to Wendel Proebstel of date September 24, 1857? The deed from Frederick Proebstel to Wendel Proebstel was executed in Portland before a justice of the peace; and by the fact that the description of the property in the deed follows so closely the exact words and expressions of the register and receiver's receipt, except in using the word "west" instead of "east," it is plain that the scrivener had the register and receiver's receipt before him, and attempted to copy therefrom the description. This, taken in connection with the fact that there is no northwest quarter of the southwest quarter of section 21, in the township mentioned, shows that it was a mistake to include such. There is another circumstance that had great weight in bringing us to this conclusion, namely, on March 9, 1901, the Title Guarantee and Trust Company, with a view to insure the title to the "Griswold tract," wrote to Frederick Proebstel, the letter being Exhibit U, as follows:

" [Letter-head.]
"Portland, Oregon, March 9th, 1901.
"Frederick Proebstel, Esq., Baker City, Oregon—

"Dear Sir: In examining the title to a tract of land within the boundaries of the donation land claim covered by your patent from the United States dated February 11th, 1865, and recorded in this county, we find that on the 24th day of September, 1857, you made a deed to Wendel Proebstel, your brother, for certain property which we think was intended as your entire donation land claim. This deed has been recorded in Book A, page 488, of our records. The description in

this deed is evidently erroneous, for part of the property mentioned is in the Willamette river, instead of within the boundaries of your claim. Of course at this time you cannot recall the exact description of the property which you conveyed to your brother, Wendel, but will you write us whether or not it was your intention to convey your entire claim.

"Yours very truly."

Proebstel answered:

"La Grande, Oregon, 4–20th, 1901.
"T. G. & T. Co., Portland, Oregon—
"Gentlemen: If the numbers are wrong on the deed I made to the property you mention, I will try and make it right for a reasonable consideration.

"Very respectfully,
"FRED PROEBSTEL."

This was evidently the first information Frederick Proebstel had of the mistake in the deed, and the first time he attempted to profit by it. His letter must be considered with reference to the letter from the Title Guarantee and Trust Company to him, and, so considered, is a practical admission that it was his intention to convey his entire donation land claim to his brother, and that at that time his only interest in it was to find how much there was in it for him. That feature of the situation seems to have grown on him with time, and the possibilities thereafter developed. This is shown in his own testimony. On October 8, 1908, he conveyed by warranty deed to W. J. Snodgrass the parts of this lot 5 which had not been transferred by Griswold; but in his testimony he says that he made the deed to Snodgrass in trust. "He was going to see that— He was going to take it to law, and see if there was any law against it. * * I sold it to Snodgrass in that way; that he was to see it through and see if they are going to sue it. * * That land was mine. I had never sold it." Thereafter Snodgrass negotiated with

some of these parties, asking $250 a lot to settle. In attempting to make plausible his contention, Proebstel testifies: "I sold him [meaning Wendel Proebstel] what was in the bottom; what land I had in the bottom"—but it appears from the evidence of other witnesses that 40 acres additional of the Proebstel donation land claim is on the bluff. The decree reforming the deed from Frederick Proebstel to Wendel Proebstel in the suit of *Goodsell* v. *Proebstel* made the said conveyance include lot 5 of section 21. Defendant Frederick Proebstel was a party to that suit and appeared therein, which also tends to establish that the deed of 1857 was, in fact, a mistake in not including lot 5 of section 21, and that it should be reformed as prayed for. We are well satisfied that the decree of the Circuit Court is an equitable one.

The decree is affirmed.        AFFIRMED.