Argued February 7, reversed and decree rendered March 13, rehearing denied April 3, 1917.

# HOFFMAN v. DORRIS.*

(163 Pac. 972.)

**Evidence—Parol Evidence—Construction of Deed.**

1. There being no ambiguity in a deed as to location of land over which easement of way is granted, and mistake or imperfection of writing not being pleaded, parol evidence as to intent of parties at time of execution is inadmissible.

**Easements—By Grant—Extinguishment by Nonuser.**

2. A grantee of an easement appurtenant to land has the same right of property in it as in the land, and no more loses it by mere nonuser than he would the land by failure to occupy or cultivate it.

[As to rights and obligations of parties to easements of private ways, see note in 95 Am. St. Rep. 318.]

**Easements—By Grant—Extinguishment—Adverse Possession.**

3. An easement by grant is lost if its grantee is prevented from enjoying it by open, unequivocal, continued use by the servient owner, that is, by such a use as is incompatible with possession and use of the easement by the dominant owner, and such adverse possession continues for the period for acquiring an adverse interest in real property.

**Easements—Extinguishment—Adverse Possession.**

4. Adverse possession, extinguishing easement of way by grant over alley, is not established, where the only obstructions are a gate at entrance of alley, erected by the grantee for greater privacy, and thereafter for a couple of years a board fence at the same point, built by the grantor, and occupation with a peanut wagon of the alley by the grantor's tenant.

## ON PETITION FOR REHEARING.

**Evidence—Parol Evidence—Ambiguous Deed.**

5. There is no patent ambiguity, requiring extrinsic explanation, as to location of land over which easement of way is granted, by deed of land, commencing at southwest corner of lot 4, block 11, of "M.'s donation to L. county, now part of E. City, on corner of W. and N. streets; thence east on N. street 108 feet; thence north 52 feet; thence west," etc., "with a right of way for wagons through an alley 12 feet wide on the east side of said lot, between the hotel and P. & M.'s

---

*On the general rule that parol evidence not admissible to vary, add to, or alter a written contract, see notes in 17 L. R. A. 270; L. R. A. 1916E, 221.

On effect of nonuser of easement, see note in 18 L. R. A. 535.

Authorities discussing the question of abandonment or loss of easement by dominant owner cutting off access thereto, see notes in 22 L. R. A. (N. S.) 884; 42 L. R. A. (N. S.) 741.                REPORTER.

butcher-shop"—the right of way being over the alley for the length of the east side of the lot, as indicated by the word "through," where the hotel and butcher-shop abut, as this can, as is permissible, be located with the aid of the public map, evidently referred to by the description.

From Lane: GEORGE F. SKIPWORTH, Judge.

This is a suit by Eugenie Hoffman, Edith M. Swanton and Helen H. Hoffman against George B. Dorris. From an adverse decree plaintiffs appeal.

REVERSED AND DECREE RENDERED.

Department 1.   Statement by MR. JUSTICE BENSON.

This is a suit to enjoin the obstruction of an alley or right of way which is claimed by the plaintiffs to be appurtenant to certain real property owned by them.   It appears from the record that on August 28, 1886, defendant and his wife conveyed to James Hoffman and Henry Hoffman a tract of land which is described in the deed thus:

"Commencing at the southwest corner of lot number 4 in block number 11 of Mulligan's donation to Lane County, now part of Eugene City, on the corner of Willamette and Ninth Streets; thence east on Ninth Street 108 feet; thence north 52 feet; thence west 6 feet; thence south 6 feet; thence west 42 feet; thence south 6 feet; thence west 60 feet to Willamette Street; thence south 40 feet to the place of beginning, with a right of way for wagons through an alley 12 feet wide on the east side of said lot between the hotel and Patterson & Miller's butcher shop; the alley to be used jointly and severally by the property holders on either side of said alley."

Prior to the commencement of this suit the defendant began the necessary excavation for the erection of a building which should cover the entire space between the hotel and the butcher-shop.

After some denials, the answer sets up the following affirmative matter:

"That at the time this defendant and his said wife conveyed the said premises above described to said James Hoffman and Henry Hoffman, the said Hoffmans, their said grantees, being then and there desirous of obtaining a certain right of way, it was agreed between them and this defendant that the said Hoffmans should have a right of way across the following described property, to wit: Commencing at a point 108 feet east and 40 feet north of the southwest corner of lot 4 above described, and running thence east 12 feet; thence north 40 feet to the public square, as the same was then located; thence west 12 feet along the south line of said public square; and thence south 44 feet to the place of beginning. And it was then and there the intention of this defendant and the said Henry Hoffman and James Hoffman that the right of way referred to in said conveyance should be across the said last above described property, and it was the intention of the parties to said conveyance that the right of way referred to in said conveyance should be upon the land last above described, and limited to be upon the land last above described, and none other, and at the time of making said conveyance, said right of way was laid upon said last described tract and said right of way has been in fact used upon said tract of land last above described from the time of the making of said conveyance until the present time, and not elsewhere or otherwise, and during all of said time was so acted upon by the parties to said conveyance and so limited, and by reason of the premises and the acts and matters above set forth, the location of said right of way became fixed and determined on said last above described property and in accordance with the intention of the parties to said conveyance."

In addition to the foregoing, nonuser and adverse possession are also pleaded. From a decree in favor of defendant, plaintiffs appeal.

REVERSED.     DECREE RENDERED.

For appellants there was a brief over the names of *Messrs. Devers & Brumbaugh* and *Mr. W. R. Bell,* with an oral argument by *Mr. Joseph M. Devers.*

For respondent there was a brief over the name of *Messrs. Thompson & Hardy,* with an oral argument by *Mr. Charles A. Hardy.*

MR. JUSTICE BENSON delivered the opinion of the court.

The pleading and the contention of the litigants can be more clearly comprehended by an examination of the following drawing:

1. Plaintiffs contend that the deed describes the right of way as the rectangle marked A, and the de-

fendant insists that the alley described in the written
instrument is the ground inclosed in the rectangle B.
We are wholly at a loss to comprehend defendant's
contention upon this point, for it appears to us per-
fectly clear that the description in the deed identifies
the alley as being the ground indicated by the rectangle
A and we cannot perceive any ambiguity in the descrip-
tion. The defendant does not plead any mistake or
imperfection of the writing and it follows that we are
not at liberty to consider parol evidence as to the in-
tent of the parties at the time of the execution of the
instrument.

2–4. We shall consider then the defenses of non-
user and adverse possession which may be logically
discussed together. The authorities appear to be uni-
form in support of the doctrine that a person who
acquires title by deed to an easement appurtenant to
land has the same right of property therein as he has
in the land and it is no more necessary that he should
make use of it to maintain his title than it is that he
should actually occupy or cultivate the land: 8 R. C. L.
810, and cases there cited. However, if the grantee
of an easement is prevented from enjoining it by the
open, unequivocal, continued use by the servient owner,
that is, by such a use as is incompatible with the pos-
session and use of the easement by the dominant owner,
and such adverse possession should continue for the
statutory period prescribed for acquiring an adverse
interest in real property, then the easement is lost.
The evidence in the case at bar is conflicting, but out
of it all we conclude that the following facts are practi-
cally indisputable; that the only obstructions which
have ever been placed in the alley since the grant of
the easement was executed, were a gateway placed at
the Ninth Street entrance by the predecessors in interest

of the plaintiffs for the purpose of greater privacy in the rear of the hotel; a board fence across at the same point built by the defendant in 1912; and the occupation of the alley from September, 1913, to March, 1914, by a tenant of the defendant who occupied the ground with a peanut wagon. These facts fall short of establishing an adverse possession. Our consideration of the evidence compels the conclusion, therefore, that the plaintiffs are entitled to the use of the alley as described in the deed of August 28, 1886, and the decree of the trial court is reversed, and one entered here making the injunction permanent.

Reversed.    Decree Rendered.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Burnett concur.

———————

Denied April 3, 1917.

On Petition for Rehearing.

(163 Pac. 973.)

Petition of respondent for rehearing denied.

*Messrs. Thompson & Hardy,* for the petition.

*Messrs. Devers & Brumbaugh* and *Mr. W. R. Bell,* contra.

Department 1. Mr. Justice Burnett delivered the opinion of the court.

The defendant petitions for a rehearing of this suit and challenges the doctrine of the former opinion to the effect that there is no ambiguity in the description

involved and that extrinsic evidence is not admissible in the construction thereof. The delineation mentioned is found in a deed from the defendant and his wife to the predecessors in interest of the plaintiffs and is quoted in the opinion written by Mr. Justice BENSON. The specific contention of the defendant as stated in his petition is that:

"From the description in the conveyance, the conclusion is irresistible that the right of way is to be 12 feet in width and that its length cannot be ascertained from a reading of the instrument. If the description is ambiguous for one purpose, it is ambiguous for all purposes."

In *Smith* v. *McDuffie*, 72 Or. 276, 284 (142 Pac. 558, Ann. Cas. 1916D, 947), Mr. Justice MOORE said:

"In construing the language of deeds or other writings relating to real property, it has been held that the description of land therein contained was sufficient, if, with the stated instrument before him, a surveyor, either with or without the aid of extrinsic evidence, could locate the premises with resonable certainty: *Willamette Falls etc. Co.* v. *Gordon*, 6 Or. 175; *House* v. *Jackson*, 24 Or. 89 (32 Pac. 1027); *Hayden* v. *Brown*, 33 Or. 221 (53 Pac. 490); *Bogard* v. *Barham*, 52 Or. 121 (96 Pac. 673, 132 Am. St. Rep. 676); *St. Dennis* v. *Harras*, 55 Or. 379 (105 Pac. 246, 106 Pac. 789)."

In *House* v. *Jackson, supra,* the precept is laid down that:

"When a deed refers to another, or to a map, for a more specific description of the land conveyed, the deed or map to which reference is thus made is considered as incorporated in the deed itself"—citing Devlin, Deeds, § 1030.

In other words, that is certain which can be made certain.

Taking the whole description together in the instant case we find it referring to a certain lot and block of

''Mulligan's Donation to Lane County, now part of Eugene City, on the corner of Willamette and Ninth Streets.'' These designations evidently refer to a public map of record from which may be ascertained the situation and dimensions of lot 4. It is said that the alley is 12 feet in width on the east side of said lot. The length of the east boundary mentioned can be discovered by reference to the map. The deed says the right of way is ''through'' the alley which plainly means from one end thereof to the other and not part of the way along the longest dimension. In addition to all this it is ''between the hotel and the butcher-shop.'' It cannot mean a strip of ground upon which those two buildings do not abut, one on each side thereof. It being easy to determine the eastern dimension of the lot by consulting the map as taught by *House* v. *Jackson, supra,* the length of the alley is sufficiently certain, as the two are coterminous. The width and length of the passage being thus defined and anchored, as it is, to the east side of the lot there is no reason for saying there is any patent ambiguity which requires extrinsic explanation.

For these reasons we adhere to the former opinion.

REVERSED. DECREE RENDERED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BENSON concur.