BENJAMIN TICHMAN *et ux vs.* MARGARET M. STRAFFIN *et al.*

JUNE 21, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a bill in equity brought to restrain the use of a right of way over the land of the complainants. In the Superior Court a decree was entered denying relief. From this decree the complainants have appealed.

Complainants own a certain lot of land situated on the southerly side of Thurbers avenue in the city of Providence. The respondent Margaret Straffin is the owner of land which is contiguous to complainants' land at its southerly boundary and extends southerly therefrom to Richardson street, a public highway. In 1881 both complainants' and respondents' land were part of a tract owned by one John W. Mitchell and were designated as lots Nos. 21 and 22 on "Plat of Thurbers avenue and adjacent houselots by B. M. Lockwood. October, 1842." September 15, 1881, said John W. Mitchell conveyed the front or northerly part of these two lots, abutting on Thurbers avenue, to Annie M. Campbell. Said deed contained the following reserva-

tion. "Reserving to the said grantor his heirs and assigns a right of way from the remaining portions of said lots 21 and 22 (now owned by the grantors) over the premises hereby conveyed as said way is defined by the fences now standing."

In the deed from complainants' grantor reference was made to this reservation. There appears to have been little use made of the right of way reserved. On the westerly side of said lot No. 22 there was a way commonly used by complainants and respondents and their predecessors in title and by others in that neighborhood. About four feet of this way was on land of the complainants and about the same width on land of one Lungo. In 1932 this right of way was condemned with other land by the city of Providence and both complainants and respondents were paid compensation by the city for their interest in said right of way.

It is the contention of the complainants that by nonuser of the right of way, reserved in the deed from John W. Mitchell to Annie M. Campbell, and by use of the right of way to the west of complainants' land, the respondents had abandoned the right of way reserved in the Mitchell deed.

A right of way by grant is not lost through nonuser. A person who so acquires title to an easement has the same right of property therein as though he owned the fee, and it is not necessary that he should make use of this right in order to maintain his title thereto. The fact that he finds another way more convenient does not deprive him of this right, which remains for his use and enjoyment whenever he has occasion to exercise his right. Evidence, however, of nonuser may be admissible as interpretative of acts which in themselves might constitute an extinguishment of the right. 19 C. J. 942. *Richmond* v. *Bennett*, 205 Pa. St. 470; *Hoffman* v. *Dorris*, 83 Ore. 625; *Schroeder* v. *Taylor*, 104 Conn. 596; *Welsh* v. *Taylor*, 134 N. Y. Rep. 450.

In the instant case there has been no act on the part of the respondents or their predecessors in title, beyond the

negative act of nonuser, which shows any intention to abandon the easement, nor have there been any acts of the respondents which could have led the complainants or others to believe that the right was abandoned and to act on this belief to their injury. *Johnson* v. *Stitt*, 21 R. I. 429.

One of the grounds of appeal is that the decree as entered does not sufficiently define the right of way. The way is defined in the decree by a reference to the original gate in the fence, which gate is no longer in the position it was when the way was reserved in the deed from Mitchell to Campbell. The decree does not define the width of the right of way and in this respect also the decree is too indefinite. The right of way should be definitely determined so as to avoid further disputes relating thereto. To this extent the appeal is sustained.

The parties may on July 2, 1934, present a form of decree in accordance with this opinion.

*McGovern & Slattery, James A. Higgins*, for complainants.
*E. Raymond Walsh*, for respondents.